■ CHARLES LUSCHER, an Infant, by ROSEMARY LUSCHER, His Mother and Natural Guardian, Respondent, v ANIBAL ARRUA, Appellant. [801 NYS2d 379]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Burke, J.), dated November 17, 2004, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff, Charles Luscher (hereinafter the injured plaintiff), was operating a motor vehicle that was involved in an accident with another vehicle operated by the defendant, Anibal Arrua (hereinafter the defendant driver), and allegedly suffered memory loss as a result of the accident. The defendant driver and his wife commenced an action to recover damages for personal injuries against the injured plaintiff and other defendants in the Supreme Court, New York County (hereinafter the New York County action), and subsequently moved for summary judgment on the issue of liability. The Supreme Court, New York County, granted that motion, noting that the opposition papers submitted did not include an affidavit from someone with personal knowledge of the underlying facts of the accident.

While the summary judgment motion in the New York County action was sub judice, the injured plaintiff by his natural guardian, his mother, commenced an action to recover damages for personal injuries against the defendant driver in the Supreme Court, Suffolk County (hereinafter the present action). The defendant driver moved in the present action for summary judgment dismissing the complaint on the ground that it was barred by the doctrine of collateral estoppel. The Supreme Court, Suffolk County, denied that motion finding that the order granting summary judgment in the New York County action was not determinative of the issue of liability in the present action.

Under the doctrine of res judicata, a judgment on the merits by a court of competent jurisdiction is conclusive of the issues of fact and questions of law necessarily decided therein in any subsequent action involving the parties to a litigation and those in privity with them (see Gramatan Home Invs. Corp. v Lopez, 46 NY2d 481, 485 [1979]).

The doctrine of res judicata "operates to preclude the renewal of issues actually litigated and resolved in a prior proceeding as well as claims for different relief which arise out of the same factual grouping or transaction and which should have or could

have been resolved in the prior proceeding" (*Koether v Generalow*, 213 AD2d 379, 380 [1995] [internal quotation marks omitted]). The party seeking to invoke the doctrine of res judicata must demonstrate that the critical issue in the instant action was decided in the prior action and that the party against whom estoppel is sought was afforded a full and fair opportunity to contest such issue (*see Matter of New York Site Dev. Corp. v New York State Dept. of Envtl. Conservation*, 217 AD2d 699, 700 [1995]). Under the doctrine of collateral estoppel, a party is precluded from relitigating an issue which has been previously decided against him in a prior proceeding where he had a full and fair opportunity to litigate such issue (*see D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659 [1990]; *Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455 [1985]; *Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65, 69 [1969]). The two elements that must be satisfied to invoke the doctrine of collateral estoppel are that (1) the identical issue was decided in the prior action and is decisive in the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to contest the prior issue (*see Kaufman v Lilly & Co.*, supra at 455; *Schwartz v Public Adm'r of County of Bronx*, supra at 71).

It is important to note that both the injured plaintiff and the defendant driver were parties in the New York County action, as well as in the present action. Further, the injured plaintiff had a full and fair opportunity to contest the issue of liability in the New York County action. While the injured plaintiff now alleges in the present action that the defendant driver was negligent, the judgment rendered in favor of the defendant driver in the New York County action is conclusive on that issue. Therefore, the prior determination in the New York County action is entitled to res judicata effect (*see Gramatan Home Invs. Corp. v Lopez, supra*). The doctrine of collateral estoppel is applicable since the issue of liability was decided in the New York County action and is decisive in the present action, and the injured plaintiff had a full and fair opportunity to contest such issue (*see Kaufman v Lilly & Co., supra* at 455; *Schwartz v Public Adm'r of County of Bronx, supra* at 71). Therefore, the denial of summary judgment in the present action was error.

Contrary to the plaintiffs' contention, the injured plaintiff would not have been entitled to invoke the *Noseworthy* doctrine (*see Noseworthy v City of New York*, 298 NY 76 [1948]) in opposing the summary judgment motion in the New York County action, since he failed to present expert evidence establishing, by clear and convincing evidence, his memory loss and its causal

relationship to the defendants' conduct (*see Mancia v Metropolitan Tr. Auth. Long Is. Bus*, 14 AD3d 665 [2005]; *Menekou v Crean*, 222 AD2d 418 [1995]). Cozier, J.P., S. Miller, Mastro and Rivera, JJ., concur.