STEVEN B. SHAPIRO, Appellant, v ONEBEACON INSURANCE Co. et al., Respondents. [824 NYS2d 46]—

Order and judgment (one paper), Supreme Court, New York County (Louis B. York, J.), entered June 16, 2005, which, inter alia, granted the cross motion of defendant insurer to the extent of declaring that defendant had no obligation to defend or indemnify plaintiff in the underlying guardianship proceeding

and in the subsequent action commenced against plaintiff by Fensterstock & Partners, LLP, the attorneys retained by plaintiff to represent him in the guardianship proceeding, and otherwise dismissed the complaint, unanimously affirmed, without costs.

The motion court properly found that no coverage existed with respect to allegations made in the guardianship matter or the Fensterstock lawsuit. In the guardianship matter, the successor trustees sought disgorgement of fees paid plaintiff, on the basis of an alleged breach of fiduciary duty, and asked that the court deny plaintiff's petitions for further payments. The allegations sounded in breach of fiduciary duty, self-dealing, and incompetence as a guardian, and sought a reduction or denial of compensation to plaintiff for services purportedly rendered by him as guardian. The successor trustees did not seek to hold plaintiff liable for personal injury, but rather, alleged that plaintiff's improper conduct as a fiduciary warranted disgorgement of fees already paid. The policy at issue provides coverage for amounts the insured is legally obligated to pay by virtue of personal injury or property damage. Moreover, the risk of being directed to return improperly acquired funds is not insurable and restitution of such funds does not constitute "damages" or "loss" as those terms are used in insurance policies (*see Vigilant Ins. Co. v Credit Suisse First Boston Corp.*, 10 AD3d 528 [2004]; *Reliance Group Holdings v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 188 AD2d 47, 55 [1993], *lv dismissed in part and denied in part* 82 NY2d 704 [1993]). Accordingly, the motion court properly held that plaintiff is not entitled to coverage in connection with the guardianship matter. Also proper was its determination of noncoverage with respect to the Fensterstock suit. The claims in that suit, seeking unpaid legal fees and sounding in breach of contract and account stated, did not set forth claims coming within the policy's coverage.

The motion court also correctly found that plaintiff was not entitled to a defense from defendant in either the guardianship matter or the Fensterstock suit. In neither matter did the allegations against plaintiff state a claim suggesting a reasonable possibility of coverage (*see Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137 [2006]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Andrias, J.P., Friedman, Marlow, Nardelli and Sweeny, JJ.