■ Thomas Rodriguez, Respondent, v Franklin Development Co., Inc., et al., Defendants and Third-Party Plaintiffs-Appellants, and Hi/Rise Recycling Systems, Inc., Also Known as IDC Acquisition, Sub, Inc., Respondent. Hertlein Special Tool Co., Inc., Third-Party Defendant-Respondent. [842 NYS2d 82]—In an action to recover damages for personal injuries, the defendants Franklin Development Co., Inc., Simone Development Corporation, and William Weinstein Realty Corp. appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Westchester County (Nastasi, J.), entered June 14, 2006, which, inter alia, denied those branches of their motion which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against the defendants Franklin Development Co., Inc., and William Weinstein Realty Corp.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion of the defendants Franklin Development Co., Inc., Simone Development Corporation, and William Weinstein Realty Corp. which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against the defendants Franklin Development Co., Inc., and William Weinstein Realty Corp. and substituting therefor a provision granting those branches of the

motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to the appellants.

The Supreme Court erred in denying those branches of the appellants' motion which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against the defendants Franklin Development Co., Inc. (hereinafter Franklin), and William Weinstein Realty Corp. (hereinafter Weinstein). The appellants demonstrated their prima facie entitlement to summary judgment by showing that Franklin and Weinstein neither created nor had actual or constructive notice of the alleged dangerous condition in the stairwell. Contrary to the Supreme Court's determination, the evidence submitted by the appellants did not demonstrate that Franklin and Weinstein had "actual knowledge of the tendency of a particular dangerous condition to reoccur," such that they could be charged with constructive notice of each specific reoccurrence of that condition (*Weisenthal v Pickman,* 153 AD2d 849, 851 [1989]; *see Chianese v Meier,* 98 NY2d 270, 278 [2002]; *Erikson v J.I.B. Realty Corp.,* 12 AD3d 344, 345 [2004]). In opposition, the plaintiff and the third-party defendant failed to raise triable issues of fact.

In light of the foregoing, the appellants' remaining contentions need not be reached. Crane, J.P., Lifson, Carni and Balkin, JJ., concur.