■ Laurie Wallenstein, Respondent, v Robert A. Cohen et al., Appellants. [845 NYS2d 428]—

In an action, inter alia, to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Suffolk County (Molia, J.), dated May 30, 2006, which denied their motion to dismiss the complaint pursuant to CPLR 3211 (a).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) is granted.

The defendants represented the plaintiff in connection with a matrimonial action. More than three years after the action was commenced, the plaintiff was awarded a judgment of divorce pursuant to a stipulation of settlement negotiated on her behalf by the defendants. Thereafter, the plaintiff wrote a letter to the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) complaining that the defendants charged her excessive fees, "never handled the case properly," and did not protect her best interests. The Grievance Committee referred the matter to the Fee Arbitration Program for Domestic Relations Matters (see 22 NYCRR former part 136), and the plaintiff filed a request for fee arbitration pursuant to 22 NYCRR former 136.5. The plaintiff was represented by new counsel at the fee arbitration hearing, where both the plaintiff and the defendant Robert A. Cohen testified. The panel of arbitrators determined that the defendants were entitled to a substantial portion of the total fees which they sought. Almost two years after the arbitration determination was made, the plaintiff commenced this action alleging, inter alia, that the defendants charged excessive fees and committed fraud and legal malpractice in connection with their representation of her.

We agree with the defendants that all of the allegations in the complaint were "reasonably and plainly comprehended to be within the scope of the dispute submitted to arbitration" (Altamore v Friedman, 193 AD2d 240, 247 [1993]). The determination fixing the value of the defendants' services necessarily determined that there was no malpractice (see Blair v Bartlett, 75 NY 150, 154 [1878]; Koppelman v Liddle, O'Connor, Finkelstein & Robinson, 246 AD2d 365, 366 [1998]; Altamore v Friedman, 193 AD2d at 246; Chisholm-Ryder Co. v Sommer & Sommer, 78 AD2d 143, 145-146 [1980]). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as barred by arbitration and award and by the doc-

trine of collateral estoppel. Spolzino, J.P., Krausman, Carni and Dickerson, JJ., concur.