■ GLOBAL CONSTRUCTION COMPANY, LLC, et al., Appellants, v ESSEX INSURANCE COMPANY, Respondent. [860 NYS2d 614]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiffs in an underlying action entitled *Genovese v Global Constr. Co., LLC*, commenced in the Supreme Court, Putnam County, under index No. 1542/05, the plaintiffs appeal from an order of the Supreme Court, Putnam County (O'Rourke, J.), dated June 13, 2007, which denied their motion for summary judgment declaring that the defendant is so obligated and granted the defendant's cross motion for summary judgment declaring that it is not so obligated.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Putnam County, for the entry of a judgment declaring that the defendant is not obligated to defend and indemnify Global Construction Company, LLC, and Brian Hill in the personal injury action entitled *Genovese v Global Constr. Co., LLC*, pending in the Supreme Court, Putnam County, under index No. 1542/05.

An insurer's duty to defend is broader than its duty to indemnify, such that an insurer may be obligated to defend its

insured even if, at the conclusion of an underlying action, it is found to have no obligation to indemnify its insured (*see Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137 [2006]; *City of New York v Evanston Ins. Co.*, 39 AD3d 153, 157 [2007]). An insurer must defend its insured whenever the allegations of a complaint in an underlying action " 'suggest . . . a reasonable possibility of coverage' " (*BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708, 714 [2007], quoting *Automobile Ins. Co. of Hartford v Cook*, 7 NY3d at 137; *see Bruckner Realty, LLC v County Oil Co., Inc.*, 40 AD3d 898, 900 [2007]; *Shapiro v OneBeacon Ins. Co.*, 34 AD3d 259 [2006]). The duty to defend is not triggered, however, when, "as a matter of law . . . there is no possible factual or legal basis upon which the insurer might eventually be held to be obligated to indemnify the claimant under any provision of the insurance policy" (*Bruckner Realty, LLC v County Oil Co., Inc.*, 40 AD3d at 900; *City of New York v Evanston Ins. Co.*, 39 AD3d at 157-158) or when the only interpretation of the allegations against the insured is that the factual predicate for the claim falls wholly within a policy exclusion (*see Automobile Ins. Co. of Hartford v Cook*, 7 NY3d at 137; *Bruckner Realty, LLC v County Oil Co., Inc.*, 40 AD3d at 900).

Here, the defendant established, as a matter of law, that there was no factual or legal basis upon which it might eventually be obligated to indemnify its insureds, the plaintiffs in the underlying action, and that the only interpretation of the allegations in the complaint are that they fell wholly within specific policy exclusions (*see Poulos v United States Fid. & Guar. Co.*, 227 AD2d 539 [1996]; *George A. Fuller Co. v United States Fid. & Guar. Co.*, 200 AD2d 255 [1994]; *Zandri Constr. Co. v Firemen's Ins. Co. of Newark*, 81 AD2d 106, 109 [1981]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The plaintiffs' remaining contentions are without merit.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Putnam County, for the entry of a judgment declaring that the defendant is not obligated to defend and indemnify the plaintiffs in the underlying action (*see Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Mastro, J.P., Rivera, Angiolillo and McCarthy, JJ., concur.