*638 OPINION OF THE COURT
Herbert Kramer, J.
Is the doctrine of collateral estoppel available to a nonparty witness who seeks to quash a subpoena ad testificandum that issued in a legal malpractice action?
The defendants in this legal malpractice action seek to take the deposition of nonparty, Aníbal Arrua, by subpoena.[1] On January 20, 2009, the witness by his attorney made a motion to quash the subpoena relying upon the doctrine of collateral estoppel.
In the suit which is the predicate for the malpractice action, Aníbal Arrua sued the plaintiff herein (Luscher) in New York County for damages, alleging that Luscher had driven his car across a double yellow line and hit his car head on. Arrua moved for summary judgment making these allegations in an affidavit and Luscher, represented by the defendants herein, did not, according to the motion court, “oppose the motion with an affidavit of someone with personal knowledge of the accident.” Accordingly, the motion court granted the plaintiff Arrua summary judgment as to liability.
The complaint in the instant legal malpractice action charges the defendants with negligence for failing to investigate the facts, for failing to inquire as to the plaintiffs recollection of the facts or state a legally acceptable reason for the failure to controvert the facts. The complaint alleges that had the motion been properly opposed, partial summary judgment would not have been granted.[2] A subsequent action commenced by Luscher in Suffolk County against Arrua was dismissed on res judicata grounds at the appellate level, leaving Luscher without recourse.[3]
“A party seeking discovery from a nonparty witness must show special circumstances. The existence of such special circumstances is not established merely upon a showing that the *639 information sought is relevant. Rather, special circumstances are shown by establishing that the information sought cannot be obtained from other sources.” (Lanzello v Lakritz, 287 AD2d 601 [2d Dept 2001] [citation omitted].)
Defendants argue that they need to depose Arrua in the instant action because he was never actually deposed with respect to liability in the predicate action and the affidavit he submitted with his summary judgment motion did not provide any information about the details of the collision: the lights on the road, the traffic signs, the speed of the vehicles, whether he uses glasses or contacts and whether he is familiar with the area. Defendants argue that this information cannot be obtained from other sources because their former client, Luscher, did not have any memory of the accident.[4] The witness argues that the facts and circumstances of the underlying accident were already decided in the predicate action and consequently the defendants are barred by the doctrine of collateral estoppel from taking his testimony.
In order to defend a legal malpractice action, the defendants must show that they were not negligent or that their negligence was not the “but for” cause of the plaintiffs failure to prevail in the underlying action. (Wray v Mallilo & Grossman, 54 AD3d 328 [2d Dept 2008].) The appropriate analysis in a legal malpractice case does not include or permit a collateral attack upon the underlying judgment. Thus although New York’s liberal discovery rules require “disclosure, upon request, of any facts bearing on the controversy” (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]), the discovery of facts and circumstances whose sole purpose is to launch a collateral attack on the underlying judgment by revealing possible defenses to the predicate action does not fall within this rubric. The information sought to be obtained from this witness with respect to the circumstances attendant at the time of the collision would serve only to undermine the judgment in the predicate action and thus is not relevant here.
What is relevant here, in light of the plaintiffs asserted loss of memory, is the effect of the failure to properly invoke the *640 Noseworthy doctrine.[5] This is certainly not an area upon which the sought-after testimony could shed any light.
The motion is granted.

. In August of 2008, the defendants served a subpoena ad testificandum on this witness for deposition scheduled in September of 2008. The witness did not appear for this deposition and thereafter he was personally served with a motion seeking to hold him in contempt. He did not oppose the motion and did not appear on the return date. By order of this court dated December 19, 2008, this witness was ordered to appear on January 22, 2009 for a deposition or suffer fine, imprisonment or both.

. It was alleged that an application to renew and reargue was denied by the motion court and no appeal was filed.

. Luscher v Arrua, 21 AD3d 1005 (2d Dept 2005).

. In this regard, defendants point out that Luscher gave deposition testimony in the underlying suit to the effect that he could not remember any details of the accident. He could not remember where he was coming from or where he was going and could not remember the time of day or the accident itself or the ambulance’s arrival or being taken to the hospital.

. The Luscher Court held,
“Contrary to the plaintiffs’ contention, the injured plaintiff [plaintiff herein] would not have been entitled to invoke the Noseworthy doctrine (see Noseworthy v City of New York, 298 NY 76 [1948]) in opposing the summary judgment motion in the New York County action, since he failed to present expert evidence establishing, by clear and convincing evidence, his memory loss and its causal relationship to the defendants’ conduct.” (Luscher v Arrua, 21 AD3d at 1007-1008.)