FRANKLIN DEVELOPMENT CO., INC., et al., Appellants, et al., Plaintiff, v ATLANTIC MUTUAL INSURANCE COMPANY, Respondent. [876 NYS2d 103]—

In an action, inter alia, for a judgment declaring that the defendant is required to defend and indemnify the plaintiffs in a

related action entitled *Rodriguez v Franklin Dev. Co., Inc.,* pending in the Supreme Court, Westchester County, under index No. 12229/01, the plaintiffs Franklin Development Co., Inc., and William Weinstein Realty Corp. appeal from (1) an order of the Supreme Court, Westchester County (Nastasi, J.), entered September 24, 2007, which denied, as academic, their motion, among other things, to vacate the defendant's 90-day demand pursuant to CPLR 3216, granted the defendant's cross motion to declare that the defendant did not have a duty to defend or indemnify the plaintiffs and, upon finding that this action was frivolous within the meaning of 22 NYCRR 130-1.1, sua sponte, determined that an award of an attorney's fee to the defendant and the imposition of a sanction upon the plaintiffs were warranted, and set the matters down for a hearing to fix the amounts, and (2) an order of the same court entered January 25, 2008, which denied their motion for leave to renew and reargue.

Ordered that the appeal from so much of the order entered January 25, 2008, as denied that branch of the motion of the plaintiffs Franklin Development Co., Inc., and William Weinstein Realty Corp. which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that on the Court's own motion, the notice of appeal is deemed an application for leave to appeal from so much of the order entered September 24, 2007, as, sua sponte, determined that an award of an attorney's fee to the defendant and the imposition a sanction upon the plaintiffs were warranted, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order entered September 24, 2007 is reversed, on the law, the defendant's cross motion is denied, and the matter is remitted to the Supreme Court, Westchester County, for a determination on the merits of the plaintiffs' motion; and it is further,

Ordered that the appeal from so much of the order entered January 25, 2008, as denied that branch of the motion which was for leave to renew is dismissed as academic in light of our determination on the appeal from the order entered September 24, 2007; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The plaintiff Franklin Development Co., Inc. (hereinafter Franklin), leased space in a building it owned at 545 Franklin Avenue in Mount Vernon to nonparty Hertlein Special Tool Co., Inc. (hereinafter Hertlein). Pursuant to the terms of the lease, Hertlein obtained a comprehensive general public liability in-

surance policy for the leased premises, naming Franklin as an additional insured. The defendant was Hertlein's insurer. Nonparty Thomas Rodriguez, an employee of Hertlein, allegedly fell in a stairwell in the building, sustaining injuries. Rodriguez commenced an action to recover damages for personal injuries (hereinafter the underlying action). The plaintiffs herein were defendants in that action.

Under the doctrine of collateral estoppel, or issue preclusion, "a party is precluded from relitigating an issue which has been previously decided against him in a prior proceeding where he had a full and fair opportunity to litigate such issue" (*Luscher v Arrua*, 21 AD3d 1005, 1007 [2005]; *see D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]). The doctrine of collateral estoppel is "intended to reduce litigation and conserve the resources of the court and litigants and it is based upon the general notion that it is not fair to permit a party to relitigate an issue that has already been decided against it" (*Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455 [1985]). "The two elements that must be satisfied to invoke the doctrine of collateral estoppel are that (1) the identical issue was decided in the prior action and is decisive in the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to contest the prior issue" (*Luscher v Arrua*, 21 AD3d at 1007; *see Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455 [1985]). "The rule in New York is that the 'pendency of an appeal does not prevent the use of the challenged judgment as the basis of' collateral estoppel" (*Anonymous v Dobbs Ferry Union Free School Dist.*, 19 AD3d 522, 522-523 [2005], quoting *Matter of Amica Mut. Ins. Co. [Jones]*, 85 AD2d 727, 728 [1981]). However, "collateral estoppel does not prevent relitigation of a ruling that was an alternative basis for a trial-level decision, where an appellate court affirmed the decision without addressing that ruling" (*Tydings v Greenfield, Stein & Senior, LLP*, 11 NY3d 195, 197 [2008]). Here, contrary to the Supreme Court's determination, the plaintiffs were not barred from relitigating the issue of whether the stairwell in the building where the plaintiff in the underlying action fell was an area covered by the additional insured clause in the insurance policy. This issue was relevant to the third-party action in the underlying case. Franklin appealed from the Supreme Court's denial of its motion for summary judgment on its third-party complaint, and Franklin addressed the issue on its appeal before this Court. This Court modified the Supreme Court's order by granting Franklin's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it in the main action, affirmed the Supreme Court's order as so mod-

ified, and expressly did not reach any of Franklin's remaining contentions (*see Rodriguez v Franklin Dev. Co., Inc.,* 43 AD3d 1134 [2007]). Thus, this case does not present the typical situation where an "alternative basis" for the Supreme Court's ruling is not entitled to preclusive effect, as the Supreme Court's ruling at issue pertained to the third-party action, which this Court had no reason to address once we dismissed the complaint insofar as asserted against Franklin in the main action. Nevertheless, the same rationale as bars the application of collateral estoppel to an "alternative basis" for a ruling applies here. Since Franklin appealed from the Supreme Court's denial of its motion for summary judgment on the third-party complaint, which was based on the issue presented here, Franklin addressed the issue before this Court, but, for the reasons discussed, this Court did not reach the issue. Thus, the issue was not necessarily decided and Franklin did not have "a full and fair chance to overturn the earlier decision" (*Tydings v Greenfield, Stein & Senior, LLP,* 11 NY3d 195, 200 [2008]). Accordingly, the Supreme Court's determination thereof is not entitled to preclusive effect (*see generally Tydings v Greenfield, Stein & Senior, LLP,* 11 NY3d 195 [2008]).

As to whether the defendant established its entitlement to dismissal of this action by demonstrating that it had no duty to defend the plaintiffs in the underlying action, "[a]n insurer's duty to defend is broader than its duty to indemnify, such that an insurer may be obligated to defend its insured even if, at the conclusion of an underlying action, it is found to have no obligation to indemnify its insured" (*Global Constr. Co., LLC v Essex Ins. Co.,* 52 AD3d 655, 655-656 [2008]; *see Automobile Ins. Co. of Hartford v Cook,* 7 NY3d 131, 137 [2006]; *City of New York v Evanston Ins. Co.,* 39 AD3d 153, 157 [2007]). "An insurer must defend its insured whenever the allegations of a complaint in an underlying action 'suggest . . . a reasonable possibility of coverage' " (*Global Constr. Co., LLC v Essex Ins. Co.,* 52 AD3d at 656, quoting *BP A.C. Corp. v One Beacon Ins. Group,* 8 NY3d 708, 714 [2007]; *see Automobile Ins. Co. of Hartford v Cook,* 7 NY3d at 137; *Bruckner Realty, LLC v County Oil Co., Inc.,* 40 AD3d 898, 900 [2007]; *Shapiro v OneBeacon Ins. Co.,* 34 AD3d 259 [2006]). "The duty to defend is not triggered, however, when, 'as a matter of law . . . there is no possible factual or legal basis upon which the insurer might eventually be held to be obligated to indemnify the claimant under any provision of the insurance policy' (*Bruckner Realty, LLC v County Oil Co., Inc.,* 40 AD3d at 900; *City of New York v Evanston Ins. Co.,* 39 AD3d at 157-158) or when the only interpretation of the allegations against the insured is that the factual predicate for the

claim falls wholly within a policy exclusion" (*Global Constr. Co., LLC v Essex Ins. Co.,* 52 AD3d at 656; *see Automobile Ins. Co. of Hartford v Cook,* 7 NY3d at 137; *Bruckner Realty, LLC v County Oil Co., Inc.,* 40 AD3d at 900). The Supreme Court erred in granting the defendant's cross motion, as the defendant failed to establish, as a matter of law, that the allegations of the complaint in the underlying action did not suggest a reasonable possibility of coverage, that there was no possible factual or legal basis upon which the defendant might eventually be held to be obligated to indemnify Franklin, or that the only interpretation of the allegations against the insured was that the factual predicate for the claim fell wholly within a policy exclusion (*cf. ZKZ Assoc. v CNA Ins. Co.,* 89 NY2d 990 [1997]; *Jenel Mgt. Corp. v Pacific Ins. Co.,* 55 AD3d 313 [2008]; *Ambrosio v Newburgh Enlarged City School Dist.,* 5 AD3d 410 [2004]; *see generally BP A.C. Corp. v One Beacon Ins. Group,* 8 NY3d at 714; *Automobile Ins. Co. of Hartford v Cook,* 7 NY3d at 137; *Global Constr. Co., LLC v Essex Ins. Co.,* 52 AD3d at 656; *Bruckner Realty, LLC v County Oil Co., Inc.,* 40 AD3d at 900; *City of New York v Evanston Ins. Co.,* 39 AD3d at 157-158; *Shapiro v OneBeacon Ins. Co.,* 34 AD3d 259 [2006]).

The Supreme Court improperly determined that an award of an attorney's fee to the defendant and the imposition of a sanction upon the plaintiffs were warranted, as the action was not frivolous (*see Mancini v Mancini,* 269 AD2d 366 [2000]).

The Supreme Court denied the plaintiffs' motion as academic. In light of our determination, we remit the matter to the Supreme Court, Westchester County, for a determination on the merits of the plaintiffs' motion. Fisher, J.P., Angiolillo, Dickerson and Belen, JJ., concur.