WESTCHESTER COUNTY CORRECTION OFFICERS BENEVOLENT ASSOCIATION, INC., et al., Respondents, v COUNTY OF WESTCHESTER et al., Appellants. [885 NYS2d 728]—

In an action to recover damages for breach of a collective bargaining agreement, the defendants appeal from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered February 27, 2008, as denied their motion to dismiss the complaint pursuant to CPLR 3211.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendants' motion which were to dismiss so much of those causes of action asserted by the plaintiffs Julian Papp and David Parker as accrued more than six years prior to the commencement of the action and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs payable by the defendants.

The Supreme Court properly denied that branch of the

defendants' motion which was to dismiss the complaint for lack of subject matter jurisdiction. Article XI, section 5, of the collective bargaining agreement at issue expressly excludes, from its definition of the term "grievance," any "matter involving . . . retirement benefits." Accordingly, contrary to the defendants' contention, the plaintiffs were not obligated to exhaust the grievance procedure prior to commencing this action, which advances claims pertaining to their alleged right to certain retirement benefits.

"Under the doctrine of collateral estoppel, or issue preclusion, 'a party is precluded from relitigating an issue which has been previously decided against him [or her] in a prior proceeding where he [or she] had a full and fair opportunity to litigate such issue' " (*Franklin Dev. Co., Inc. v Atlantic Mut. Ins. Co.*, 60 AD3d 897, 899 [2009], quoting *Luscher v Arrua*, 21 AD3d 1005, 1007 [2005]; *see D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]). "The doctrine of collateral estoppel is 'intended to reduce litigation and conserve the resources of the court and litigants and it is based upon the general notion that it is not fair to permit a party to relitigate an issue that has already been decided against it' " (*Franklin Dev. Co., Inc. v Atlantic Mut. Ins. Co.*, 60 AD3d at 899, quoting *Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455 [1985]). " 'The two elements that must be satisfied to invoke the doctrine of collateral estoppel are that (1) the identical issue was decided in the prior action and is decisive in the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to contest the prior issue' " (*Franklin Dev. Co., Inc. v Atlantic Mut. Ins. Co.*, 60 AD3d at 899, quoting *Luscher v Arrua*, 21 AD3d at 1007; *see Kaufman v Eli Lilly & Co.*, 65 NY2d at 455). Here, the Supreme Court correctly determined that the defendants were collaterally estopped from relitigating the issues of whether the plaintiff Westchester County Correction Officers Benevolent Association, Inc. (hereinafter the WCCOBA), lacked standing to maintain this action, and whether the complaint failed to state a cause of action. These arguments were previously raised by the defendants in a motion to dismiss the complaint in a prior action commenced against them by the WCCOBA and 15 correction officers, in which the causes of action were largely identical in substance to those asserted here. The Supreme Court ruled against the defendants on that motion, finding both that the WCCOBA had standing to maintain the action, and that the complaint adequately stated causes of action. The defendants are, therefore, precluded from relitigating these issues, as they previously had a full and fair opportunity to litigate them (*see generally Franklin Dev. Co., Inc. v Atlantic Mut. Ins. Co.*, 60 AD3d 897 [2009]).

The defendants are also precluded from relitigating the issue of whether the causes of action advanced by the plaintiffs Julian Papp and David Parker were barred entirely by the applicable six-year limitations period (*see* CPLR 213 [2]), as the Supreme Court previously found that the continuing nature of the alleged violations obviates such a complete bar based on the statute of limitations.

Conversely, to the extent that the defendants argue that those claims by Papp and Parker accruing more than six years prior to the commencement of this action should be dismissed, and that these plaintiffs may only assert claims for damages accruing up to six years prior to the commencement of this action, the defendants are not barred from litigating this issue, as it was not raised in the earlier action. " 'As a general rule in contract cases, the cause of action accrues and the Statute of Limitations begins to run from the time of the breach' " (*CSEA Empl. Benefit Fund v Warwick Val. Cent. School Dist.*, 36 AD3d 582, 584 [2007], quoting *Matter of Prote Contr. Co. v Board of Educ. of City of N.Y.*, 198 AD2d 418, 420 [1993]). " '[W]here a duty imposed prior to a limitations period is a continuing one, the statute of limitations is not a defense to actions based on breaches of that duty occurring within the limitations period' " (*Matter of DeCintio v Cohalan*, 18 AD3d 872, 873 [2005], quoting *Matter of Condo Units v New York State Div. of Hous. & Community Renewal*, 4 AD3d 424, 425 [2004]). While a new breach occurred for statute of limitations purposes each time that the County failed to make an allegedly required payment to Papp and Parker (*see CSEA Empl. Benefit Fund v Warwick Val. Cent. School Dist.*, 36 AD3d at 584), so much of the causes of action asserted by Papp and Parker as accrued more than six years prior to the commencement of the instant action must be dismissed as time-barred (*see State of New York v CSRI Ltd. Partnership*, 289 AD2d 394, 395 [2001]; *Scheg v Agway, Inc.*, 229 AD2d 963 [1996]). Spolzino, J.P., Miller, Angiolillo and Dickerson, JJ., concur.