■ In the Matter of ALAN CSORBA, Appellant, v DENISE RENZI, Respondent. [908 NYS2d 366]—

In related custody and visitation proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Richmond County (Oakes, Ct. Atty. Ref.), dated April 5, 2010, which dismissed his petition to modify certain provisions and to enforce other provisions of the visitation portions of a prior order of the same court dated February 4, 2009.

Ordered that the order dated April 5, 2010, is affirmed, without costs or disbursements.

The father was collaterally estopped from raising the issue of subject matter jurisdiction before the Family Court (*see* Domestic Relations Law § 76 *et seq.*). In disposing of a prior custody modification petition filed by the father eight months before the instant petition, the Family Court determined that it lacked subject matter jurisdiction, and dismissed that petition in an order dated August 20, 2009 (*see* Domestic Relations Law § 76-a [1] [a]), from which the father did not appeal. The issues raised in the prior petition are identical to those raised in the instant petition. Moreover, the father did not allege any changed circumstance as of the date that the Family Court rendered its prior determination that would affect the Family Court's subject matter jurisdiction, and the father had a full and fair opportunity to litigate the issue. Accordingly, the father was collaterally estopped from again raising the issue of subject matter jurisdiction before the Family Court (*see Buechel v Bain*, 97 NY2d 295, 303-304 [2001], *cert denied* 535 US 1096 [2002]; *Westchester County Correction Officers Benevolent Assn., Inc. v County of Westchester*, 65 AD3d 1226, 1227 [2009]). Dillon, J.P., Florio, Leventhal and Chambers, JJ., concur.