■ Laurence Leung et al., as Administrators of the Estate of Caroline Bix Leung, Deceased, Respondents, v Suffolk Plate Glass Co., Inc., et al., Appellants, et al., Defendants. [911 NYS2d 376]—

In an action, inter alia, to recover damages for wrongful death, etc., the defendants Suffolk Plate Glass Co., Inc., and C. Klingenberger appeal from an order of the Supreme Court, Queens County (Grays, J.), entered September 25, 2009, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, with leave to renew after the completion of discovery.

Ordered that the order is affirmed, with costs.

A vehicle owned by the defendant U-Haul Titling, LLC, and operated by the defendant Ionis Kokiasmenos (hereinafter the Kokiasmenos vehicle) collided with a vehicle operated by Charles Klingenberger, sued herein as C. Klingenberger, and owned by the defendant Suffolk Plate Glass Co., Inc. (hereinafter SPGC). The Kokiasmenos vehicle then crashed into the front of an Arby's restaurant. The plaintiffs' decedent was inside the Arby's restaurant at the time of the incident, and died as a result of the accident.

SPGC and Klingenberger (hereinafter together the appellants) together moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The plaintiffs opposed the motion, but the appellants' codefendants did not. The Supreme Court denied the motion, and we affirm.

"The doctrine of collateral estoppel bars relitigation of an issue which has necessarily been decided in a prior action and is determinative of the issues disputed in the present action, provided that there was a full and fair opportunity to contest the decision now alleged to be controlling" (*Mahler v Campagna*, 60 AD3d 1009, 1011 [2009]; *see Tydings v Greenfield, Stein & Senior, LLP*, 11 NY3d 195, 199 [2008]; *Buechel v Bain*, 97 NY2d 295, 303-304 [2001], *cert denied* 535 US 1096 [2002]; *Altegra Credit Co. v Tin Chu*, 29 AD3d 718 [2006]). The party seeking the benefit of the doctrine of collateral estoppel bears the burden of establishing that the identical issue was necessarily decided in the prior action, and "the party to be estopped bears the burden of demonstrating the absence of a full and fair op-

portunity to contest the prior determination" (*Mahler v Campagna*, 60 AD3d at 1011; *see Ryan v New York Tel. Co.*, 62 NY2d 494, 501 [1984]; *Franklin Dev. Co., Inc. v Atlantic Mut. Ins. Co.*, 60 AD3d 897, 899 [2009]; *Luscher v Arrua*, 21 AD3d 1005, 1007 [2005]).

Contrary to the appellants' contention, the plaintiffs are not estopped from litigating the issue of the liability and comparative fault of the defendants Klingenberger and Kokiasmenos, since the plaintiffs did not have a full and fair opportunity to litigate that issue at an administrative hearing held before the New York State Department of Motor Vehicles (*see generally Ryan v New York Tel. Co.*, 62 NY2d at 500-501; *cf. Alamo v McDaniel*, 44 AD3d 149, 154 [2007]). Since discovery is still outstanding in the action, the Supreme Court properly denied the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, with leave to renew after the completion of discovery (*see* CPLR 3212 [f]). Santucci, J.P., Balkin, Leventhal and Austin, JJ., concur.