■ In the Matter of Akeesha Lockitt, Respondent, v Brian Booker, Appellant. [914 NYS2d 909]—

In a proceeding for an upward modification of the father's child support obligation, the father appeals from an order of the Family Court, Suffolk County (Hoffman, J.), dated June 30, 2009, which denied his objections to an order of the same court (Fields, S.M.), dated May 6, 2009, denying his motion to vacate a prior order of support dated September 23, 2008, entered upon his default in appearing at the hearing on the petition, and to restore the proceeding to the hearing calendar for a de novo hearing on the petition.

Ordered that the order dated June 30, 2009, is affirmed, without costs or disbursements.

" 'While disposition of matters on their merits, especially with regard to filiation and support, is preferred, the court retains the discretion to deny a motion to vacate a default where it is not supported by a reasonable excuse for the default and a [potentially] meritorious defense' " (Matter of Armstrong v Doby, 69 AD3d 933, 934 [2010], quoting Matter of Helen T. v Roosevelt B., 256 AD2d 583, 584 [1998]). Here, the father was collaterally estopped from relitigating the issues raised in the proceeding and, thus, he failed to establish that he had a potentially meritorious defense to the petition.

"Under the doctrine of collateral estoppel [or issue preclusion], a party is precluded from relitigating an issue which has been previously decided against him in a prior proceeding where he had a full and fair opportunity to litigate such issue" (Luscher v Arrua, 21 AD3d 1005, 1007 [2005]; see Westchester County Correction Officers Benevolent Assn., Inc. v County of Westchester, 65 AD3d 1226, 1227 [2009]; Franklin Dev. Co., Inc. v Atlantic Mut. Ins. Co., 60 AD3d 897, 899 [2009]). "The two elements that must be satisfied to invoke the doctrine of collateral estoppel are that (1) the identical issue was decided in the prior action and is decisive in the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to contest the prior issue" (Luscher v Arrua, 21 AD3d at 1007; see Westchester County Correction Officers Benevolent Assn., Inc. v County of Westchester, 65 AD3d at 1227; Franklin Dev. Co., Inc. v Atlantic Mut. Ins. Co., 60 AD3d at 899).

Here, since the identical issues raised in the underlying motion had been determined in prior proceedings, and the father had a full and fair opportunity to litigate these issues, the Support Magistrate properly denied the father's motion to vacate a

prior order of support dated September 23, 2008, entered upon his default in appearing at the hearing on the petition. Had the Support Magistrate granted the motion, it would have had the effect of allowing the father improperly to relitigate those issues. Accordingly, the Family Court properly denied the father's objections to the Support Magistrate's order.

The father's remaining contentions are without merit. Dillon, J.P., Angiolillo, Belen and Roman, JJ., concur.