■ LUIS CAMPOVERDE, Plaintiff, v FABIAN BUILDERS, LLC, Defendant/Third-Party Plaintiff-Respondent, et al., Defendant/Third-Party Defendant. UTICA FIRST INSURANCE COMPANY, Third-Party Defendant-Appellant. (And a Second Third-Party Action). [922 NYS2d 435]—

In an action to recover damages for personal injuries, and a third-party action, inter alia, for a judgment declaring that the third-party defendant Utica First Insurance Company is obligated to defend and indemnify the defendant/third-party plaintiff, Fabian Builders, LLC, in the main action, the third-party defendant Utica First Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Martin, J.), dated November 25, 2009, as denied that branch of its motion which was for summary judgment declaring that it is not obligated to defend and indemnify the defendant/third-party plaintiff, Fabian Builders, LLC, and the defendant/third-party defendant, AG Masonry Corp., in the main action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the third-party defendant Utica First Insurance Company which was for summary judgment declaring that it is not obligated to defend and indemnify the defendant/third-party plaintiff Fabian Build-

ers, LLC, and the defendant/third-party defendant, AG Masonry Corp., in the main action is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the third-party defendant Utica First Insurance Company is not so obligated.

The third-party defendant Utica First Insurance Company (hereinafter Utica) issued an insurance policy to the defendant/third-party defendant, AG Masonry Corp. (hereinafter AG Masonry), that contained an exclusion for bodily injury to any employee of any contractor hired by or for any insured arising out of and in the course of the employee's employment for that contractor. The defendant/third-party plaintiff, Fabian Builders, LLC (hereinafter Fabian), then hired AG Masonry to perform work on a construction site by way of a written contract, which required AG Masonry to name Fabian as an additional insured under its insurance policy. The plaintiff commenced this action against Fabian and AG Masonry to recover damages for personal injuries he allegedly sustained while working on the project for a subcontractor hired by either Fabian or AG Masonry. Utica denied coverage to AG Masonry, inter alia, on the ground that the employee exclusion precluded coverage. Utica denied coverage to Fabian, among other things, on the same ground.

Fabian then commenced a third-party action, inter alia, for a judgment declaring that Utica is obligated to defend and indemnify it in the main action as an additional insured of the policy issued to AG Masonry. Utica moved, among other things, for summary judgment declaring that it is not obligated to defend or indemnify Fabian and AG Masonry in the plaintiff's action. In the order appealed from, the Supreme Court, inter alia, denied that branch of Utica's motion which was for summary judgment declaring that it was not obligated to provide such a defense and indemnification. We reverse the order insofar as appealed from.

"An insurer's duty to defend is broader than its duty to indemnify, such that an insurer may be obligated to defend its insured even if, at the conclusion of an underlying action, it is found to have no obligation to indemnify its insured" (*Global Constr. Co., LLC v Essex Ins. Co.*, 52 AD3d 655, 655-656 [2008]; *see Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137 [2006]; *Franklin Dev. Co., Inc. v Atlantic Mut. Ins. Co.*, 60 AD3d 897, 900 [2009]). "An insurer must defend its insured whenever the allegations of a complaint in an underlying action ' "suggest . . . a reasonable possibility of coverage" ' " (*Global Constr. Co., LLC v Essex Ins. Co.*, 52 AD3d at 656, quoting *BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708, 714 [2007]; *see Automobile Ins. Co. of Hartford v Cook*, 7 NY3d at 137).

The duty to defend an insured is not triggered, however, "when the only possible interpretation of the allegations against the insured is that the factual predicate for the claim falls wholly within a policy exclusion" (*Howard & Norman Baker, Ltd. v American Safety Cas. Ins. Co.*, 75 AD3d 533, 534 [2010]; *see Automobile Ins. Co. of Hartford v Cook*, 7 NY3d at 137; *Global Constr. Co., LLC v Essex Ins. Co.*, 52 AD3d at 656). "An exclusion from coverage 'must be specific and clear in order to be enforced' (*Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984]), and an ambiguity in an exclusionary clause must be construed most strongly against the insurer" (*Guachichulca v Laszlo N. Tauber & Assoc., LLC*, 37 AD3d 760, 761 [2007]; *see Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.*, 60 NY2d 390, 398 [1983]; *Howard & Norman Baker, Ltd. v American Safety Cas. Ins. Co.*, 75 AD3d at 534). "However, the plain meaning of a policy's language may not be disregarded to find an ambiguity where none exists" (*Howard & Norman Baker, Ltd. v American Safety Cas. Ins. Co.*, 75 AD3d at 534; *see Bassuk Bros. v Utica First Ins. Co.*, 1 AD3d 470, 471 [2003]).

Here, the plain meaning of the employee exclusion invoked by Utica is that the policy does not provide coverage for damages arising out of bodily injury sustained by an employee of any contractor hired by or for any insured in the course of the employee's employment (*see Utica First Ins. Co. v Santagata*, 66 AD3d 876, 878-879 [2009]). In the plaintiff's complaint in the main action, he alleged that he sustained bodily injuries in the course of his employment for Tahoe Contracting Corp., an entity he alleged was hired to perform work on the construction project by either Fabian, an additional insured under the policy, or AG Masonry, the named insured of the policy. The only possible interpretation of these allegations is that the factual predicate for the plaintiff's claim falls wholly within the employee exclusion (*see Howard & Norman Baker, Ltd. v American Safety Cas. Ins. Co.*, 75 AD3d at 534; *Global Constr. Co., LLC v Essex Ins. Co.*, 52 AD3d at 656; *Bruckner Realty, LLC v County Oil Co., Inc.*, 40 AD3d 898, 900 [2007]; *Physicians' Reciprocal Insurers v Giugliano*, 37 AD3d 442, 444 [2007]). In opposition to Utica's prima facie establishment of its entitlement to judgment as a matter of law, Fabian failed to raise a triable issue of fact. Accordingly, the Utica policy precludes coverage to Fabian and AG Masonry for the injuries allegedly sustained by the plaintiff, and the Supreme Court should have granted that branch of Utica's motion which was for summary judgment declaring that it is not obligated to defend and indemnify Fabian and AG Masonry in the main action.

Utica's remaining contention is not properly before the Court

(*see Katz v Katz*, 68 AD2d 536, 542-543 [1979]) and, in any event, has been rendered academic in light of our determination.

Since the third-party action is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment declaring that Utica is not obligated to defend or indemnify Fabian and AG Masonry in the main action (*see Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]; *Hanson v Turner Constr. Co.*, 70 AD3d 641, 643 [2010]). Rivera, J.P., Balkin, Leventhal and Hall, JJ., concur.