■ HAIM NACHUM et al., Respondents, v FREHA EZAGUI et al., Appellants, et al., Defendants. [922 NYS2d 459]—

In an action, inter alia, to recover damages for breach of contract and to compel specific performance of two contracts for, in effect, the sale of real property, the defendants Freha Ezagui, Reina Baruch, also known as Reina Ezagui, Eliyahu Ezagui, Lefferts Homes, Inc., and Chaisom, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated September 21, 2009, as, upon renewal, adhered to the original determination in an order of the same court dated January 2, 2008, which, in effect, denied their motion for summary judgment dismissing the complaint insofar as asserted against them and, in effect, searched the record and awarded summary judgment to the plaintiffs on the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly, in effect, searched the record and awarded summary judgment to the plaintiffs on the complaint insofar as asserted against the appellants based on a prior arbitration decision. "Under the doctrine of collateral estoppel, a party is precluded from relitigating an issue which has been previously decided against him in a prior proceeding where he [or she] had a full and fair opportunity to litigate such issue" (*Luscher v Arrua*, 21 AD3d 1005, 1007 [2005]; *see Westchester County Correction Officers Benevolent Assn., Inc. v County of Westchester*, 65 AD3d 1226, 1227 [2009]; *Franklin Dev. Co., Inc. v Atlantic Mut. Ins. Co.*, 60 AD3d 897, 899 [2009]). "The two elements that must be satisfied to invoke the doctrine of collateral estoppel are that (1) the identical issue was decided in the prior action and is decisive in the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to contest the prior issue" (*Luscher v Arrua*, 21 AD3d at 1007; *see Buechel v Bain*, 97 NY2d 295, 303-304 [2001], *cert denied* 535 US 1096 [2002]; *Westchester County Correction Officers Benevolent Assn., Inc. v County of Westchester*, 65 AD3d at 1227; *Franklin Dev. Co., Inc. v Atlantic Mut. Ins. Co.*, 60 AD3d at 899). The party seeking to invoke the doctrine of collateral estoppel "bears the burden of establishing that the identical issue was necessarily decided in the prior action, and 'the party to be estopped bears the burden of demonstrating the absence of a full and fair opportunity to contest the prior determination' " (*Leung v Suffolk Plate Glass Co., Inc.*, 78 AD3d 663, 663-664 [2010], quoting *Mahler v Campagna*, 60 AD3d 1009, 1011 [2009]).

Here, the evidence submitted by the plaintiffs demonstrated, prima facie, that the identical issues raised by them in this ac-

tion were necessarily decided in the prior arbitration decisions dated October 31, 2002, and December 19, 2002. The appellants failed to submit any evidence, upon renewal, sufficient to raise a triable issue of fact as to the identity of issues, or any evidence showing that they lacked a full and fair opportunity to litigate those issues in connection with the prior arbitration (*see Matter of Gooshaw v City of Ogdensburg*, 67 AD3d 1288, 1290-1291 [2009]; *Comprehensive Med. Care of N.Y., P.C. v Hausknecht*, 55 AD3d 777, 778 [2008]; *Laramie Springtree Corp. v Equity Residential Props. Trust*, 38 AD3d 850, 851-852 [2007]; *see also Matter of Lockitt v Booker*, 80 AD3d 700 [2011]; *Wallenstein v Cohen*, 45 AD3d 674 [2007]). Accordingly, the Supreme Court properly, upon renewal, adhered to its original determination, in effect, searching the record and awarding summary judgment to the plaintiffs on the complaint insofar as asserted against the appellants based on that prior arbitration award and, in effect, denying the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them. Skelos, J.P., Leventhal, Austin and Miller, JJ., concur. **[Prior Case History: 25 Misc 3d 1203(A), 2009 NY Slip Op 51960(U).]**