JPMORGAN CHASE BANK, as Trust Administrator on Behalf of the HOLDERS OF THE MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2002-9, Plaintiff, v FREHA EZAGUI, Appellant, et al., Defendants. MENACHEM MINSKY et al., Intervenors-Respondents. (Action No. 1.) JACOB ECKHAUS et al., Respondents, et al., Defendants, v ELIYAHU EZAGUI et al., Appellants. (Action No. 2.) (And Other Titles.) [934 NYS2d 454]—

These related actions, inter alia, to foreclose mortgages and for specific performance of certain contracts for, in effect, the sale of real property relate to condominium buildings that were constructed in Brooklyn by the appellant Eliyahu Ezagui (hereinafter Ezagui). Several purchasers of condominium apartments in these buildings alleged that, although they paid for apartments, they never received the deeds to their respective apartments. In a prior arbitration brought by one of the purchasers of these apartments, the arbitrator issued a decision (hereinafter the arbitration decision) finding, among other things, that Ezagui had committed fraud. After the arbitration decision, two of the purchasers brought an action against, among others, Ezagui and the appellants Freha Ezagui, Reina Baruch, also known as Reina Ezagui, Lefferts Homes, Inc., and Chaishom, Inc. (hereinafter collectively the appellants), seeking, inter alia, to recover damages for breach of contract and to compel specific performance of contracts for, in effect, the sale of real property (hereinafter the prior action). The Supreme Court, in an order dated September 21, 2009, in effect, awarded summary judgment to the plaintiffs in the prior action based on the arbitration decision, and this Court affirmed the order insofar as appealed from (see *Nachum v Ezagui*, 25 Misc 3d 1203[A], 2009 NY Slip Op 51960[U] [2009], *affd* 83 AD3d 1017 [2011]). In the instant related actions, several of the purchasers moved, among other things, for summary judgment determining that the order dated September 21, 2009, in the prior action has "collateral estoppel effect" in these actions.

The Supreme Court properly, in effect, granted that branch of the motion which was for summary judgment determining that the order dated September 21, 2009, in the prior action has collateral estoppel effect in these actions. Contrary to the appellants' contention, the evidence submitted by the movants established, prima facie, that the identical issues raised by them in these actions had been necessarily decided in the arbitration decision and the prior action, which was brought against the appellants and individuals and entities with whom the appellants were in privity.

Further, the appellants failed to submit any evidence raising a triable issue of fact as to the identity of those issues, and failed to submit any evidence showing that they lacked a full and fair opportunity to litigate those issues in connection with the prior arbitration. Accordingly, the Supreme Court did not err in according collateral estoppel effect to the order dated

September 21, 2009, which was based on the arbitration decision (*see Nachum v Ezagui*, 83 AD3d 1017 [2011]; *Matter of Gooshaw v City of Ogdensburg*, 67 AD3d 1288, 1290-1291 [2009]; *Comprehensive Med. Care of N.Y., P.C. v Hausknecht*, 55 AD3d 777, 778 [2008]; *Laramie Springtree Corp. v Equity Residential Props. Trust*, 38 AD3d 850, 851-852 [2007]; *see also Matter of Lockitt v Booker*, 80 AD3d 700 [2011]; *Wallenstein v Cohen*, 45 AD3d 674 [2007]). Rivera, J.P., Angiolillo, Belen and Roman, JJ., concur.