**Matter of State Farm Mut. Auto. Ins. Co. v Fields**

2024 NY Slip Op 30912(U)

March 19, 2024

Supreme Court, New York County

Docket Number: Index No. 651806/2022

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**    <u>**HON. ARLENE P. BLUTH**</u>     **PART**            **14**

*Justice*

---------------------------------------------------------------------------X

IN THE MATTER OF THE APPLICATION OF

STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY

                             Petitioner,

                   - v -

OCTAVIA FIELDS,

                             Respondent.

---------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651806/2022 |
| **MOTION DATE** | 07/18/2022[1] |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1- 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22

were read on this motion to/for              <u>        STAY ARBITRATION        </u> .

        The petition to stay arbitration is denied.

**Background**

        This special proceeding concerns a motor vehicle accident involving respondent. Respondent alleges that she was a passenger in a vehicle under the control of Lynn Driving School Enterprises, Inc. She insists that a student driver passed through an intersection when another vehicle ran a red light and "T-boned" the car respondent was in.

        Petitioner admits that respondent filed a demand for uninsured motorist coverage on June 23, 2021 and that petitioner was therefore compelled to file a petition for a temporary stay in July 2021 to meet the 20-day deadline; it filed that petition in Queens. Petitioner contends that its

---

[1] Although this proceeding was only transferred to the undersigned in the last few days, the Court recognizes that it has been pending for far too long before different judges. The Court apologizes, on behalf of the court system, for the lengthy delay in the resolution of this proceeding.

**651806/2022 IN THE MATTER OF THE APPLICATION OF STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY vs. FIELDS, OCTAVIA**
**Motion No. 001**

**Page 1 of 4**

1 of 4

[* 1]

investigation into the accident was still pending. Petitioner argues that by the time the petition was set for oral argument in November 2021 in Queens, it had not yet completed its investigation although respondent had appeared for an EUO.

Petitioner alleges that "The Honorable Ulysses B. Leverett denied SFMAIC's request for leave to amend the petition and issued an Order dated December 3, 2021 denying SFMAIC's petition to stay the arbitration and for pre-arbitration discovery on the grounds that the EUOs were already conducted and no new information was to be accepted" (NYSCEF Doc. No. 1, ¶ 19).

Petitioner contends that its investigation is now complete and that the vehicle in which respondent was traveling was not insured by petitioner at the time of the accident.  However, instead of moving to renew and/or reargue before the Queens judge, petitioner brought this case here in New York County.

Respondent did not miss the obvious forum shopping.  Respondent points out that this very issue was raised in the prior proceeding in Queens and that she prevailed, which precludes petitioner from raising the same issues here. She also points out that although petitioner filed a notice of appeal, petitioner never perfected it or moved to reargue or renew that decision.

In reply, petitioner contends that the issues in the prior petition were different and so the doctrine of collateral estoppel does not apply here.  It claims it has presented indisputable proof that the vehicle in question was not insured by petitioner.

**Discussion**

The Court denies the petition on the ground that the doctrine of collateral estoppel bars the instant proceeding. "The doctrine of collateral estoppel bars relitigation of an issue which has necessarily been decided in a prior action and is determinative of the issues disputed in the

**651806/2022   IN THE MATTER OF THE APPLICATION OF STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY vs. FIELDS, OCTAVIA**
**Motion No.  001**

**Page 2 of 4**

2 of 4

present action, provided that there was a full and fair opportunity to contest the decision now alleged to be controlling" (*Leung v Suffolk Plate Glass Co., Inc.*, 78 AD3d 663, 663, 911 NYS2d 376 [2d Dept 2010] [internal quotations and citations omitted]).

Here, petitioner previously brought a proceeding in which it sought to permanently stay the arbitration commenced by respondent arising out of the exact same accident at issue here (NYSCEF Doc. No. 6 at 10). The fact is that the judge in that proceeding denied the petition "in full" and ordered that the arbitration should proceed (NYSCEF Doc. No. 7). Then petitioner came here and sought to stay the arbitration.

The Court recognizes that petitioner claimed in the Queens proceeding, in part, that the arbitration was premature and that it was forced to file that petition in order to comply with the 20-day deadline to commence such a proceeding. But the procedure is not to ignore the Queens decision and just file again in another county. The instant case is about the same subject matter (staying an arbitration) involving the same exact parties and the same exact accident. And another judge has already ruled on it. In this Court's view the proper procedure is, as observed by respondent, to file a motion to reargue or renew as appropriate. This Court is not Justice Leverett's appellate court and this Court cannot modify his decision.

Put another way, by filing this petition instead of seeking relief in the Queens, the Court finds that petitioner engaged in impermissible forum shopping by trying to get the same relief from a different judge. To be sure, petitioner argues that it has new evidence that should compel the stay of the arbitration commenced by respondent. But this is not the proper forum for petitioner to seek such relief.

Accordingly, it is hereby

**651806/2022   IN THE MATTER OF THE APPLICATION OF STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY vs. FIELDS, OCTAVIA**
**Motion No.  001**

**Page 3 of 4**

3 of 4

ADJUDGED that the petition is denied and this proceeding is dismissed with costs and

disbursements to be awarded to respondent upon presentation of proper papers to the Clerk.

| 3/19/2024 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **ARLENE P. BLUTH, J.S.C.** | |
| CHECK ONE: | **X** | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | | GRANTED | **X** DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**651806/2022   IN THE MATTER OF THE APPLICATION OF STATE FARM MUTUAL AUTOMOBILE**          **Page 4 of 4**
**INSURANCE COMPANY vs. FIELDS, OCTAVIA**
**Motion No.  001**