■ FARMERS FIRE INSURANCE COMPANY, Respondent, v RICK KINGSBURY et al., Respondents, and DAVID KINGSBURY, Appellant. (And Another Related Action.) — Appeal from that part of an amended order and judgment of the Supreme Court at Special Term (Harlem, J.), entered June 24, 1983 in Delaware County, which granted plaintiff's cross motion for summary judgment.

Two issues are raised on this appeal: (1) whether an injury occurring while work is being performed on an automobile wheel, unattached to a motor vehicle, is an injury arising out of the "maintenance of a motor vehicle" and is thus excluded from coverage under the subject homeowner's insurance policy, and (2) whether a person so injured qualifies as a residence employee injured in the course of his employment under the exception to the homeowner's insurance policy exclusion for injury arising out of the maintenance of a motor vehicle. We hold that the injury is excluded from coverage under the exclusion of the homeowner's insurance policy and that the injured person in this case does not qualify as a residence employee injured in the course of his employment. Accordingly, the order and judgment, insofar as appealed from, should be affirmed.

David Kingsbury was injured on July 7, 1978, at the home of Rick and Jan Kingsbury. David had been helping his brother Rick work on a rim and bald tire in connection with replacing a spare tire on Jan's automobile. A tire had been obtained which was mounted on a rim that was not appropriate for Jan's car. Either while that tire was being removed from the rim to be placed on a proper rim or while the bald spare was being removed from its rim, a crowbar that Rick was using was caused to slip and strike David in the eye, resulting in total loss of vision in the eye.

Rick and Jan Kingsbury were covered by a homeowner's insurance policy issued by Farmers Fire Insurance Company (Farmers) in the amount of $100,000. This policy excluded liability for any bodily injury: "arising out of the ownership, maintenance, operation, use, loading or unloading of * * * any motor vehicle owned or operated by, or rented or loaned to any Insured." Rick was not a licensed driver and the car belonged to his wife, Jan. The vehicle was covered by a liability policy in the amount of $10,000 issued by Utica Mutual Insurance Company (Utica Mutual). This automobile policy provided coverage for bodily injury "arising out of the ownership, maintenance or use of the * * * automobile".

Following the commencement of a personal injury action by David Kingsbury, Farmers brought an action for a declaratory

judgment seeking to determine whether it was obligated to defend or indemnify Rick Kingsbury in his brother's personal injury action. By decision dated April 13, 1983, Special Term denied Utica Mutual's motion for summary judgment dismissing the complaint in the personal injury action and granted Farmers' cross motion for summary judgment in its declaratory judgment action. The basis for Special Term's decision was the fact that "the sole basis for liability is the claim of negligence in removing the tire from the rim", an act of maintenance which is covered under the auto insurance policy; Special Term thus declared that Farmers had no obligation to defend or indemnify Rick or Jan Kingsbury in the personal injury action brought by David Kingsbury. David Kingsbury appeals from so much of the order entered thereon as granted Farmers' cross motion for summary judgment.

David does not argue that a triable issue of fact exists; instead, he contends that Special Term improperly determined the question of law as to whether an injury occurring while work is being performed on a wheel, unattached to a motor vehicle, constitutes injury arising out of the "maintenance of a motor vehicle" as the term is used in Rick and Jan Kingsbury's homeowner's insurance policy.

While it is true that "[i]t is a general rule of construction that policies of insurance or indemnity are construed liberally in favor of the insured and strictly against the carrier" (*State Farm Mut. Auto. Ins. Co. v Westlake,* 35 NY2d 587, 591), an unambiguous portion of an insurance policy will be given its ordinary meaning (*id.*). The homeowner's policy exclusion herein is clear and unambiguous. The exclusion applies to "any motor vehicle". It is therefore not relevant whether the wheel which was being worked upon at the time was from Jan's car or one belonging to someone else. Removing the tire from the rim, as Special Term noted, "is, in every sense of the word, an act of maintenance" as "[t]he tire is such an intrinsic part of the mechanism of the car and its overall function" (see 6B Appleman, Insurance Law & Practice, § 4315).

David Kingsbury's second issue, that he qualifies as a residence employee injured in the course of his employment, is raised for the first time on this appeal. David again does not contend that a question of fact exists as to this issue. Indeed, there are no facts showing he was an employee of his brother Rick. Moreover, the policy under discussion defines a "residence employee" as "an employee of any insured whose duties are in connection with the maintenance or use of the insured premises". It is clear that the activities of David in helping his

brother change the tire did not constitute "maintenance or use of the insured premises" as required by the policy for purposes of triggering the applicability of the exception. Special Term acted properly in its rulings in regard to the motions discussed herein.

Order and judgment affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.