■ UNITED SERVICES AUTOMOBILE ASSOCIATION, Respondent-Appellant, v KENNETH MEIER et al., Defendants, and ELIZABETH EGLE, as Administratrix of the Estate of WILLIAM F. EGLE, Deceased, Appellant-Respondent.—In a declaratory judgment action to determine the rights and obligations of the parties under two insurance policies, defendant Egle appeals from so much of an order of the Supreme Court, Kings County (Jordan, J.), dated May 24, 1984, as denied her cross motion for summary judgment (1) dismissing plaintiff's first cause of action on the grounds of res judicata, collateral estoppel and estoppel, (2) declaring that plaintiff must provide coverage and indemnification with respect to the family automobile policy issued by it and (3) declaring that on May 27, 1978 Kenneth Meier resided in Patterson, New York, and plaintiff cross-

appeals from so much of that same order as failed to grant it partial summary judgment pursuant to CPLR 3212 (b).

Order affirmed, insofar as appealed from, without costs or disbursements.

In December 1979, plaintiff commenced this action seeking a judgment declaring that Kenneth Meier was not covered under either of two insurance policies for an accident involving Meier and appellant-respondent's decedent. This marks the second time this action is before this court on pretrial motions. Appellant-respondent was previously granted partial summary judgment on so much of plaintiff's complaint as sought a declaration that at the time of the accident Kenneth Meier was performing duties in connection with an "automobile business" or "automobile sales agency" for which coverage is excluded (see, United Servs. Auto. Assn. v Meier, 89 AD2d 998).

Plaintiff's first cause of action also seeks to deny Kenneth Meier coverage under a family automobile policy issued to his father, Alfred Meier, upon the grounds that: (1) Kenneth Meier was not an "insured person" under that policy since he was not a resident of his father's household at the time of the accident and therefore did not qualify as a "relative" of the named insured as that term is defined in the policy; and (2) the vehicle involved in the accident was not covered as an "owned automobile" as that term is defined in the policy, that is, it was not a vehicle listed on the policy, nor was it a newly acquired vehicle or a "temporary substitute vehicle". In short, plaintiff United Services Automobile Association claims that Kenneth Meier was not a covered person and that the automobile was not a covered vehicle under Alfred Meier's family automobile policy.

By notice of cross motion dated December 9, 1983, defendant Egle moved for partial summary judgment dismissing plaintiff's first cause of action and declaring that plaintiff must provide coverage and indemnification to Kenneth Meier under the "nonowned automobile" provision of the family automobile policy. As indicated above, that provision would extend coverage to a relative of the policyholder, provided the "nonowned automobile" was not one "owned by or furnished for the regular use of" that relative. Before Special Term defendant Egle claimed that partial summary judgment was warranted in view of a prior arbitration award which had determined that Kenneth Meier was a resident of his father's household at the time of the accident, and because plaintiff had waived its right to disclaim coverage under the "non-

owned automobile" provision by failing to expressly assert the claim in its complaint. Special Term denied the cross motion without determining whether the arbitration award would preclude relitigation of the issue of Kenneth Meier's residency, because it found that an issue would still remain as to whether the vehicle driven by Kenneth Meier qualified as a "nonowned automobile".

We hold that Special Term properly denied Egle's cross motion. Initially, we note that plaintiff has not waived its right to deny coverage under the "nonowned automobile" provision since such a denial of coverage, based upon the lack of a contractual relationship with Kenneth Meier with respect to the vehicle involved, cannot be deemed waived by a mere failure to expressly assert it in the complaint (see, *Zappone v Home Ins. Co.*, 55 NY2d 131, 136-137; *United Servs. Auto. Assn. v Meier*, 89 AD2d 998, *supra*). That being so, plaintiff's failure to raise the ground prior to Egle's cross motion cannot create coverage where no coverage ever existed under the contract of insurance (see, *Schiff Assoc. v Flack,* 51 NY2d 692, 698).

Having found that plaintiff has not waived its right to assert its claim, we turn to the merits thereof. With respect to the residence issue, that is, whether or not Kenneth Meier resided in his father's household at the time of the accident, we hold that collateral estoppel will not bar relitigation of this issue since the issue of Meier's residency was not "necessarily" determined in the arbitration proceeding (see, *Ryan v New York Tel. Co.,* 62 NY2d 494, 500-501; *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71).

As stated by Judge Jasen in *Ryan v New York Tel. Co., (supra,* at pp 500-501), "[o]f course, the issue must have been material to the first action or proceeding and essential to the decision rendered therein" and "the burden rests upon the proponent of collateral estoppel to demonstrate the identicality and decisiveness of the issue". The primary issue in the arbitration proceeding between Kenneth Meier and the Hartford Insurance Group, in which plaintiff intervened, was whether or not Meier was covered for no-fault benefits under Haviland Motors' automobile insurance policy. The finding that Kenneth Meier resided with his father in Patterson, New York, rather than at his apartment in Queens, was not essential to resolution of the issue of coverage under the Hartford insurance policy. In fact, Kenneth Meier's residence was wholly irrelevant to the no-fault determination and, at best, constituted a gratuitous finding by the arbitrator.

There remains the question of whether the vehicle involved in the accident was a "nonowned automobile" under the plaintiff United Services Automobile Association's policy. Special Term denied summary judgment finding that "there is a question of fact whether the vehicle involved was furnished for the regular use of Kenneth Meier". That finding is correct. Cases hold that "[i]n determining whether a car has been "furnished for regular use' within the meaning of the exclusionary provision of a liability policy governing the use of other cars, there is no hard and fast rule by which to resolve the question, each case being dependent on its own facts and circumstances" (*Simon v Lumbermens Mut. Cas. Co.,* 107 Misc 2d 816, 819; *see also, Sperling v Great Am. Indem. Co.,* 7 NY2d 442; *McMahon v Boston Old Colony Ins. Co.,* 67 AD2d 757). So it is herein. Plaintiff claims that the automobile was furnished by Haviland Motors to Kenneth Meier for his regular, exclusive use without any restrictions on his use of the car by the defendant car dealer. On the other hand, Egle argues that Kenneth Meier had possession of the vehicle in question solely for the purpose of trying to exhibit it for sale and that it was understood that he was to drive the vehicle only for that purpose. Based upon the record before us, it is impossible to resolve this issue. Consequently, we affirm the order, insofar as appealed from. Brown, J. P., Weinstein, Niehoff and Lawrence, JJ., concur.