■ LIBERTY MUTUAL INSURANCE COMPANY, Appellant, v SENTRY INSURANCE et al., Respondents, et al., Defendant.—In an action, *inter alia,* for a judgment declaring that the defendants are obligated to indemnify one Leonard Sarro with respect to an accident which occurred on May 9, 1980, the plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Suffolk County (Gerard, J.), dated May 6, 1986, as (1) granted the defendant Sentry Insurance's cross motion for summary judgment, (2) denied the plaintiff's cross motion for summary judgment, and (3) declared that Sentry Insurance had no obligation to defend or indemnify with respect to the family automobile policy issued by it.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

On May 9, 1980, Leonard Sarro was involved in an automobile accident with another vehicle owned by Martin Casserly and driven by his daughter, Cathleen Sallitto, whose husband, Joseph Sallitto, was a passenger. The car driven by Sarro had been rented from Syosset Ford Rent-A-Car Company (hereinafter Syosset Ford) and was insured by the plaintiff Liberty Mutual Insurance Company. Under the rental agreement, liability for personal injury was limited to $100,000 for one person and $300,000 in one accident. Actions by the Sallittos and Casserly against Sarro and Syosset Ford were settled, *inter alia,* for $150,000. The plaintiff sought indemnification from defendant Sentry Insurance for the additional $50,000 under an excess insurance provision in a policy issued by the defendant to Leonard Sarro's father, Dominic Sarro. Coverage

under the excess policy was extended to a family member provided that the vehicle involved was not owned by or furnished for the regular use of the family member.

The purpose of a provision for a nonowned vehicle not for the regular use of the insured is to provide protection to the insured for the occasional or infrequent use of a vehicle not owned by him and is not intended as a substitute for insurance on vehicles furnished for the insured's regular use *(see, Sperling v Great Am. Indem. Co., 7 NY2d 442; Federal Ins. Co. v Allstate Ins. Co., 111 AD2d 146, 147)*. Whether a car has been furnished for regular use within the meaning of the exclusionary provision is determined by the particular facts and circumstances in each case *(see, Sperling v Great Am. Indem. Co., supra; United Servs. Auto. Assn. v Meier, 112 AD2d 288, 291)*. Factors to be considered, however, include the general availability of the vehicle and the frequency of its use by the insured *(see, Federal Ins. Co. v Allstate Ins. Co., supra, at 147)*.

A review of the record shows that Sentry Insurance insured a van, owned by Dominic Sarro's business, which was in the process of being repaired. However, the rental car cannot be considered a temporary substitute vehicle for the van as it was available to Leonard Sarro for as long a period as he wished with no restrictions placed on his use of the vehicle *(see, United Servs. Auto. Assn. v Meier, supra, at 291)*. Under the circumstances, Sentry Insurance cannot be found to have provided insurance for Leonard's rented vehicle. "Any other interpretation would subject the insurance company to greatly added risk without the payment of additional premiums. It is the availability of the car and the number of times it is used that should be the criterion" *(Vern v Merchants Mut. Cas. Co., 21 Misc 2d 51, 52)*. Mangano, J. P., Eiber, Kunzeman and Harwood, JJ., concur.