ELRAC, INC., Doing Business as ENTERPRISE RENT-A-CAR, Respondent-Appellant, v GE CAPITAL INSURANCE COMPANY, Appellant-Respondent, et al., Defendants. [871 NYS2d 243]—

On November 18, 2003 the plaintiff, Elrac, Inc., doing business as Enterprise Rent-A-Car (hereinafter Elrac), leased the subject vehicle (hereinafter the rental vehicle) to the defendant Carmelo Mazarese (hereinafter Mazarese), pursuant to a rental agreement. The rental agreement, which listed Mazarese as the driver, also provided, inter alia, that Mazarese was the only authorized driver and that the rental vehicle would be returned by December 18, 2003.

On January 12, 2004 the rental vehicle was involved in a motor vehicle accident. At the time of the accident, the rental vehicle was being operated by the defendant Lisa Martinez (hereinafter the driver), Mazarese's cousin, who borrowed the car from Mazarese with his permission, but who was not an authorized driver under the rental agreement.

On or about February 13, 2004 the defendant Joseph V. Martinez, the father of the defendant Tess Martinez, the infant passenger (also the daughter of the driver) who was riding in the rental vehicle at the time of the accident, commenced a personal injury action entitled *Martinez v Elrac, Inc.* (hereinafter the underlying action), in the Supreme Court, Nassau County, under index No. 1957/04, against Elrac, the driver, and Mazarese. Pursuant to an infant's compromise order entered November 10, 2005 in the underlying action, Elrac, on behalf of itself and Mazarese (whom it represented therein) settled that action for the sum of $1.1 million (hereinafter the settlement).

On or about July 27, 2005 Elrac commenced this action

against, among others, the defendant GE Capital Insurance Company (hereinafter GE), the driver, and Mazarese for declaratory relief seeking indemnification from GE.

Elrac and GE moved and cross-moved for summary judgment, respectively. In the order appealed from, the Supreme Court granted Elrac's motion for summary judgment to the extent of determining that Mazarese was covered for the subject accident under a policy of automobile insurance issued by GE to Crocifissa Mazarese (hereinafter the GE policy), Mazarese's mother and the named insured under the GE policy, and denied GE's cross motion. GE and Elrac appeal and cross-appeal, respectively.

Contrary to Elrac's contention, the nonowned auto provision of the GE policy did not provide coverage for the subject accident. The nonowned auto provision stated that "[a]ny relative of [the named insured] who resides in your household is also protected when using a nonowned auto provided that . . . [t]he relative is using the nonowned auto with the owner's permission and for the purpose the owner intended." The term "nonowned auto" is defined in the subject policy as "an auto that is not owned by or registered to the [named insureds] or a resident of your household; and is not furnished or available to [the named insureds] or any resident of your household for regular use." "Use" of an auto is defined as "owning, operating, loading, unloading and maintaining the auto."

The exclusion of coverage under certain conditions for a relative residing with an insured when using a nonowned automobile "was designed to protect the company from being subjected 'to greatly added risk without the payment of additional premiums' " (*Sperling v Great Am. Indem. Co.*, 7 NY2d 442, 448 [1960], quoting *Vern v Merchants Mut. Cas. Co.*, 21 Misc 2d 51, 52 [1952]). The purpose of a provision for a nonowned vehicle not for the regular use of an insured is to provide protection to the insured for the occasional or infrequent use of a vehicle not owned by him or her and is not intended as a substitute for insurance on vehicles furnished for the insured's regular use (*see Liberty Mut. Ins. Co. v Sentry Ins.*, 130 AD2d 629, 630 [1987]; *see Liberty Mut. Ins. Co. v Allstate Ins. Co.*, 237 AD2d 260 [1997]; *Egle v United Servs. Auto. Assn.*, 158 AD2d 661 [1990]; *Federal Ins. Co. v Allstate Ins. Co.*, 111 AD2d 146 [1985]; *but see New York Cent. Mut. Fire Ins. Co. v Jennings*, 195 AD2d 541 [1993]).

In determining whether a vehicle has been furnished for regular use, the general availability and frequency of use are criteria employed by the factfinder (*see Liberty Mut. Ins. Co. v*

*Allstate Ins. Co.,* 237 AD2d 260, 261 [1997]; *Liberty Mut. Ins. Co. v Sentry Ins.,* 130 AD2d 629, 630 [1987]; *Egle v United Servs. Auto. Assn.,* 158 AD2d 661, 662-663 [1990]; *McMahon v Boston Old Colony Ins. Co.,* 67 AD2d 757, 758 [1979]; *compare Hollander v Nationwide Mut. Ins. Co.,* 60 AD2d 380 [1978]).

In his affidavit, Mazarese asserted, inter alia, that at the time of the accident, he did not own a motor vehicle, but the vehicle he used on a daily basis was a 2004 Mercury Mountaineer that was insured by nonparty Geico Insurance Company (hereinafter Geico). Mazarese had leased the rental vehicle from Elrac as a replacement vehicle while the Mercury Mountaineer was being repaired by the dealer. According to Mazarese, he used the rental vehicle "on an everyday basis." The rental agreement demonstrated that Mazarese rented the vehicle on November 18, 2003 and he returned it on January 13, 2004, the day after the subject accident. Thus, the rental vehicle clearly was available for Mazarese's regular use for 55 days. Accordingly, under the circumstances of this case, the rental vehicle did not meet the definition of a nonowned vehicle under the GE policy.

In addition, contrary to the Supreme Court's determination, Mazarese was not maintaining the rental vehicle at the time of the accident by virtue of his having entrusted the vehicle to the driver. " 'Maintenance,' as that term is used in an insurance policy, means performance of work on 'an intrinsic part of the mechanism of the car and its overall function' " (*Guishard v General Sec. Ins. Co.,* 9 NY3d 900, 902 [2007], quoting *Farmers Fire Ins. Co. v Kingsbury,* 105 AD2d 519, 520 [1984], citing 6B Appleman, Insurance Law & Practice § 4315; *see Pennsylvania Millers Mut. Ins. Co. v Manco,* 63 NY2d 940, 942 [1984]). Moreover, such entrustment of the rental vehicle to the driver did not constitute use of the rental vehicle as such term is otherwise defined in the GE policy because Mazarese neither owned, nor was he operating, loading, or unloading the rental vehicle at the time of the accident. Thus, the Supreme Court incorrectly concluded that there was coverage for the subject accident under the GE policy.

Accordingly, the Supreme Court should have denied Elrac's motion and granted GE's cross motion.

Elrac's remaining contentions either are without merit or need not be reached in light of the foregoing determination.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring, inter alia, that there was no coverage under the policy of automobile insurance issued by GE Capital Insurance Company to Crocifissa Mazarese for the subject ac-

cident and that GE Capital Insurance Company is not obligated to indemnify Elrac in the underlying action entitled *Martinez v Elrac, Inc.,* commenced in the Supreme Court, Nassau County, under index No. 1957/04 (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Skelos, J.P., Dillon, Covello and Belen, JJ., concur.