■ PETER MOSE, Appellant, v CORI SANGIOVANNI et al., Respondents. [922 NYS2d 811]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated April 8, 2010, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) as barred by the statute of limitations.

Ordered that the order is affirmed, with costs.

This action arises out of a motor vehicle accident that occurred on July 4, 2006. On July 23, 2008, the plaintiff, who was involved in the accident, demanded uninsured motorist arbitration from his insurance carrier, Allstate Insurance Company (hereinafter Allstate). Subsequently, Allstate commenced a proceeding to stay the arbitration pursuant to CPLR article 75. The papers submitted by the plaintiff in that proceeding indicated that the plaintiff's vehicle collided with a Chevrolet pickup truck registered to the defendant Cori Sangiovanni, and insured by Clarendon National Insurance Company (hereinafter Clarendon). On December 2, 2008, the Supreme Court amended the petition to add Sangiovanni and Clarendon as additional respondents in the CPLR article 75 proceeding. Further, the Supreme Court granted Allstate's petition for an order staying the arbitration "only to the extent that a hearing shall be conducted . . . to determine whether the vehicle owned and operated by . . . Sangiovanni, was insured on the date of the accident."

On July 30, 2009, the date the framed-issue hearing was supposed to take place, Clarendon admitted before the Supreme Court that it insured Sangiovanni's vehicle on the date of the accident. The plaintiff's counsel stated that the plaintiff would withdraw his demand for arbitration subject to a finding by the Supreme Court that the statute of limitations in connection with the anticipated action would be tolled during the period that the Supreme Court stayed the arbitration pending the subject hearing. Counsel for Clarendon objected to any finding that the statute of limitations was tolled, and refused to waive any defense based on the statute of limitations. Without any further argument, the Supreme Court stated that the statute of limitations was tolled from the initial date of the stay of arbitration until July 30, 2009.

On July 31, 2009, the plaintiff commenced the instant action against Sangiovanni and the defendant Dillon Cook, who is alleged to have been the driver of Sangiovanni's vehicle (hereinafter together the defendants), to recover damages for personal injuries. The defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (5) on the ground that it was barred by the statute of limitations. The Supreme Court granted the motion and the plaintiff appeals. We affirm.

Since this action was commenced after the expiration of the applicable three-year statute of limitations, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred (*see* CPLR 214 [5]; *Rinaldi v Rochford*, 77 AD3d 720 [2010]).

Contrary to the plaintiff's contention, the Supreme Court's finding in the CPLR article 75 proceeding that the statute of limitations was tolled is not binding on the defendants in this action. "Collateral estoppel, or issue preclusion, 'precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party . . . whether or not the tribunals or causes of action are the same' " (*Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 349 [1999], quoting *Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]). "The doctrine applies if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the [party] had a full and fair opportunity to litigate the issue in the earlier action" (*Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d at 349).

The doctrine of collateral estoppel is inapplicable here because the Supreme Court's finding that the statute of limitations was tolled was a gratuitous finding that was not material to a determination of the CPLR article 75 proceeding (*see United Servs. Auto. Assn. v Meier*, 112 AD2d 288 [1985]; Siegel, NY Prac § 465, at 781 [4th ed]). Furthermore, neither Cook, who was not a party to the CPLR article 75 proceeding, nor Sangiovanni, had a full and fair opportunity to litigate the statute of limitations issue (*see Leung v Suffolk Plate Glass Co., Inc.*, 78 AD3d 663 [2010]).

The plaintiff's remaining contentions are without merit. Dickerson, J.P., Eng, Hall and Roman, JJ., concur.