■ Roy J. Lester, Appellant, v New York State Office of Parks, Recreation, and Historic Preservation, Respondent. [928 NYS2d 325]—

The plaintiff is an attorney who had also worked for many years as a seasonal lifeguard at Jones Beach. In 2007, at age 57, he was not permitted to requalify as a lifeguard because he was wearing a "jammer" or bicycle-short swimsuit instead of the briefer and less modest state-required swimsuit. In June 2007 the plaintiff filed a complaint with the New York State Division of Human Rights (hereinafter the Division) charging the New York State Office of Parks, Recreation, and Historic Preservation (hereinafter the defendant) with illegal age and sex discrimination. In December 2007 the Division dismissed the complaint upon finding no probable cause to believe that the defendant engaged in an unlawful discriminatory practice. In a judgment entered March 21, 2008, the Supreme Court dismissed, as time-barred, the plaintiff's CPLR article 78 proceeding to review the Division's determination. In a decision and order dated March 3, 3009, this Court affirmed the judgment of the Supreme Court (*see Matter of Lester v New York State Off. of Parks, Recreation & Historic Preserv.*, 60 AD3d 680 [2009]).

On June 8, 2008, the 58-year-old plaintiff attempted to take the test for new lifeguards while wearing the same type of "jammer" swimsuit, and, as a result, he was not allowed to participate. He filed another complaint with the Division based upon this incident. On April 21, 2009, the Division granted his request to dismiss the administrative complaint on the ground of administrative convenience, and annul his election of remedies so that he could pursue his judicial remedies.

In June 2009 the plaintiff commenced this action against the defendant, alleging age and sex discrimination in prohibiting him from taking the test for new lifeguards in 2008. Specifically, he alleged that he was the oldest applicant to appear for the test, and was rejected because he was not wearing the type of swimsuit which the defendant demanded. In an order entered January 20, 2010, the Supreme Court granted the defendant's motion to dismiss the complaint. In dismissing the first and

third causes of action, the Supreme Court reasoned that the plaintiff was precluded by the doctrine of collateral estoppel from arguing that the defendant's refusal to allow him to wear the swimsuit of his choice constituted age or sex discrimination. The Supreme Court determined that this issue had been litigated by the parties and rejected by the Division in 2007. The plaintiff now appeals from so much of the order as granted that branch of the defendant's motion which was to dismiss the first and third causes of action. We reverse.

"The doctrine of collateral estoppel . . . precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (*Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]; *see Mose v Sangiovanni*, 84 AD3d 1041 [2011]). Collateral estoppel will be given only to matters actually litigated and determined in a prior action or proceeding (*see Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 456 [1985]; *Simpson v Alter*, 78 AD3d 813, 814 [2010]). It must be shown that the identical issue was decided in the prior action or proceeding, is decisive in the present action, and that the party to be precluded from relitigating the issue had a full and fair opportunity to contest it (*see Nachum v Ezagui*, 83 AD3d 1017, 1018 [2011]).

Contrary to the Supreme Court's determination, the issues regarding the 2008 test for new lifeguards were not, and could not have been, actually litigated by the parties in the 2007 proceeding before the Division in which it found that there was no probable cause to believe the defendant engaged in an unlawful discriminatory practice in not requalifying the plaintiff as a lifeguard. Although the plaintiff commenced a CPLR article 78 proceeding in the Supreme Court to review the Division's 2007 determination, the issues were not adequately litigated there since the Supreme Court, without addressing the merits, dismissed the proceeding as time-barred, and this Court thereafter affirmed the dismissal on the same ground. Thus, the plaintiff cannot be collaterally estopped from arguing in this action that the defendant discriminated against him in 2008 by barring him from taking the test for new lifeguards (*see DiLauria v Town of Harrison*, 32 AD3d 490 [2006]; *Board of Educ. of Manhasset Union Free School Dist. v New York State Human Rights Appeal Bd.*, 106 AD2d 364 [1984]; *cf. Astoria Fed. Sav. & Loan Assn. v Solimino*, 501 US 104 [1991]).

The defendant's remaining contentions either are without merit or have been rendered academic by our determination. Accordingly, the Supreme Court should have denied that branch

of the defendant's motion which was to dismiss the first and third causes of action. Mastro, J.P., Dillon, Balkin and Miller, JJ., concur.