In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Ash, J.), dated April 7, 2011, as denied her cross motion for summary judgment on the issue of liability.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiffs cross motion for summary judgment on the issue of liability is granted.
The plaintiff was a passenger on a bus operated by the defendant Vincent E Washington and owned by the defendant New York City Transit Authority. The plaintiff testified at her deposition that she saw Washington start to eat a piece of candy, and begin to choke immediately thereafter. Washington subsequently lost control of the bus and collided with another bus which was stopped at a bus stop, and then with a light pole on the sidewalk. The plaintiff allegedly sustained injuries as a result, and thereafter commenced this action against the defendants. In the order appealed from, the Supreme Court, inter alia, denied the plaintiffs cross motion for summary judgment on the issue of liability.
“The doctrine of collateral estoppel . . . precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same” (Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]; see Lester v New York State Off. of Parks Recreation, & Historic Preserv., 87 AD3d 561, 563 [2011]; Mose o Sangiovanni, 84 AD3d 1041 [2011]). Collateral estoppel effect will be given only to matters actually litigated and determined in a prior action or proceeding (see Kaufman v Eli Lilly & Co., 65 NY2d 449, 456 [1985]; Lester v New York State Off. of Parks Recreation, & Historic Preserv., 87 AD3d at 563; Simpson v Alter, 78 AD3d 813, 814 [2010]). It must be shown that the identical issue was decided in the prior action or proceeding, is decisive in the present action, and that the party to be precluded from relitigating the issue had a full and fair opportunity to contest it (see Kaufman o Eli Lilly & Co., 65 NY2d at 455; Lester v New York State Off. of Parks Recreation, & Historic Preserv., 87 AD3d at 563; Nachum v Ezagui, 83 AD3d 1017 [2011]).
*701 Here, the plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability by demonstrating, pursuant to the doctrine of collateral estoppel, that the defendants were precluded from litigating the issue of their liability with respect to the subject accident (see Kaufman v Eli Lilly & Co., 65 NY2d 449 [1985]; Ryan v New York Tel. Co., 62 NY2d 494 [1984]; JPMorgan Chase Bank v Ezagui, 90 AD3d 714 [2011]). Specifically, the plaintiff submitted an order dated May 14, 2010, from another action commenced by a fellow bus passenger, and involving the same accident, wherein that plaintiffs motion for summary judgment on the issue of liability against the defendants was granted.
In opposition, the defendants failed to raise a triable issue of fact. The defendants relied upon, inter alia, an order dated January 29, 2010, from a separate action commenced by yet another fellow bus passenger, and also involving the same accident, wherein that plaintiffs motion for summary judgment on the issue of liability against the defendants was denied. However, in an order dated July 9, 2012, the Supreme Court, upon renewal, granted that plaintiffs motion for summary judgment on the issue of liability against the defendants. This Court may, in general, take judicial notice of matters of public record (see e.g. Hunter v New York, Ontario & W. R.R. Co., 116 NY 615, 621-622 [1889]; Matter of Winona Pi. [Winona Pa.], 86 AD3d 542, 543 [2011]; Matter of Santiago v New York State Div. of Parole, 78 AD3d 953 [2010]; Matter of Fells v Hansell, 77 AD3d 941, 942 [2010]; High v City of White Plains, 227 AD2d 525 [1996]; Matter of Chasalow v Board of Assessors of County of Nassau, 176 AD2d 800, 804 [1991]). Since the order dated July 9, 2012, in effect, vacated the order dated January 29, 2010, the defendants have not shown the existence of conflicting orders on the issue of their liability to the plaintiff herein so as to avoid the application of collateral estoppel (see Creinis v Hanover Ins. Co., 59 AD3d 371, 376 [2009]; cf. Gaston v American Tr. Ins. Co., 11 NY3d 866 [2008]).
Accordingly, the Supreme Court should have granted the plaintiffs cross motion for summary judgment on the issue of liability. Skelos, J.E, Leventhal, Chambers and Lott, JJ., concur.