■ In the Matter of BLEECKER STREET INVESTORS, LLC, Respondent, v DORON ZABARI, Appellant, et al., Respondents. [50 NYS3d 332]—

Order, Appellate Term of the Supreme Court, First Department, entered March 10, 2016, which reversed an order of the Civil Court, New York County (Arlene H. Hahn, J.), entered on or about September 10, 2014, inter alia, denying petitioner landlord's motion for summary judgment on its holdover petition seeking possession of the apartment, use and occupancy and reasonable attorneys' fees, and granted such petition, awarded petitioner possession, and remanded the matter to the Civil Court for a hearing to determine the amount of use and occupancy and reasonable attorneys' fees, unanimously reversed, on the law, without costs, petitioner's motion denied, and the matter remanded for further proceedings.

Collateral estoppel did not apply to bar respondent tenant from challenging the alleged nonregulated rent status of the subject apartment where the record establishes that the Loft Board did not provide notice of the 2005 determination to the tenant who then occupied the apartment, who therefore did not have an opportunity to litigate such issue (*see ABN AMRO Bank, N.V. v MBIA Inc.*, 17 NY3d 208, 226 [2011]). A qualifying apartment's regulated status is deemed a continuous circumstance until such time as facts or events are demonstrated that change the status of the apartment (*see Gersten v 56 7th Ave. LLC*, 88 AD3d 189 [1st Dept 2011]). Here, the tenant's documentary evidence and eyewitness statements raised triable issues whether a basis ever existed to deregulate the apartment. While the present tenant challenged the Loft Board's 2005 determination in a 2012 CPLR article 78 proceed-

ing, the Supreme Court judgment, denying and dismissing the article 78 petition "without prejudice," could not serve as a basis to collaterally estop the tenant from asserting his two affirmative defenses and counterclaim in the instant holdover proceeding, inasmuch as the merits underlying the affirmative defenses were not decided (*see e.g. Lester v New York State Off. of Parks Recreation, & Historic Preserv.*, 87 AD3d 561 [2d Dept 2011]; *see also Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343 [1999]). Concur—Tom, J.P., Friedman, Mazzarelli, Kapnick and Kahn, JJ.