Matter of Triad Capital LLC v Patino (2025 NY Slip Op 01071)

Matter of Triad Capital LLC v Patino

2025 NY Slip Op 01071

Decided on February 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 25, 2025

Before: Kern, J.P., Friedman, Kapnick, Rodriguez, O'Neill Levy, JJ. 

Index No. 153186/23|Appeal No. 3768|Case No. 2023-04247|

[*1]In the Matter of Triad Capital LLC, Petitioner-Appellant,
v
Guillermo Patino as Chairperson of the NYC Loft Board, Respondent-Respondent.

Van Leer & Greenberg, New York (Evan D. Van Leer-Greenberg of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Diana Lawless of counsel), for respondent.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about July 27, 2023, which denied the petition seeking to annul (1) a January 16, 2020 decision of the NYC Loft Board directing petitioner to register certain apartments with the Division of Housing and Community Renewal (DHCR) as rent-stabilized, and (2) a May 19, 2022 order of the Loft Board denying petitioner's application for reconsideration of the prior order, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The Loft Board properly determined that the units in question were subject to registration with DHCR and that the sale of rights made under Multiple Dwelling Law § 286(12) did not relieve petitioner from the registration requirements because the sale occurred during a period where a harassment order was in effect. This determination was not arbitrary (see 29 RCNY §§ 2-02[d][1][iii], 2-10[d][3]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 232 [1974]).
Under the Loft Board's interpretation of the then-applicable version of 29 RCNY 2-02(d)(1)(iii), filing of a harassment order with the City Register is not required as a condition precedent for the order to have a binding effect on a subsequent purchaser of the building. This interpretation is not irrational or unreasonable, and we therefore defer to it (see Matter of Sanchez v Department of Educ. of the City of N.Y., 202 AD3d 523, 523 [1st Dept 2022]; Matter of Wai Lun Fung v Daus, 45 AD3d 392, 393 [1st Dept 2007]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 25, 2025