46 Walker Realty LLC v Kiini LLC (2025 NY Slip Op 50364(U))

[*1]

46 Walker Realty LLC v Kiini LLC

2025 NY Slip Op 50364(U) [85 Misc 3d 133(A)]

Decided on March 24, 2025

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 24, 2025

SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

570751/24

46 Walker Realty LLC,
Petitioner-Landlord-Appellant,

against

Kiini LLC and Ipek Irgit, Respondents-Tenants-Respondents,

and
"John Doe" and "Jane Doe,"
Respondents-Undertenants.

Landlord appeals from an order of the Civil Court of the City of New York, New
York County (Alberto M. Gonzalez, J.), dated May 30, 2024, which denied its motion for
summary judgment of possession and to dismiss tenant's defenses and counterclaims, and
granted tenant's motion for summary judgment dismissing the petition in a holdover
summary proceeding.

Per Curiam.

Order (Alberto M. Gonzalez, J.), dated May 30, 2024, affirmed, with $10 costs.

We agree that the 2001 Loft Board determination did not estop tenant from
challenging the alleged nonregulated status of the subject apartment. Tenant was not a
party to the Loft Board proceeding, did not reside in the premises when the determination
was rendered, and the Loft Board "did not provide notice of the [2001] determination to
the tenant who then occupied the apartment [William Goins], who therefore did not have
an opportunity to litigate such issue" (Matter of Bleecker St. Invs., LLC v Zabari, 148 AD3d 577,
577 [2017]; see ABN AMRO Bank, N.V. v MBIA Inc., 17 NY3d 208, 226
[2011]). When Goins ultimately learned of the Loft Board's determination, his
administrative and article 78 challenges were denied as time-barred and were not decided
on the merits. Such determinations could not serve as a basis to collaterally estop the
present tenant from asserting affirmative defenses in the instant holdover proceeding
inasmuch as the merits underlying the affirmative defenses were not decided (see e.g. Lester v New York State
Off. of Parks, Recreation, & Historic Preserv., 87 AD3d 561 [2011]), and
neither the prior tenant nor the current tenant had a "full and fair opportunity to litigate"
the status of the unit in the prior proceedings (Auqui v Seven Thirty One Ltd.
Partnership, 22 NY3d [*2]246, 255 [2013]; see
Ryan v New York Tel. Co., 62 NY2d 494, 501 [1984]).

Landlord, aside from asserting the res judicata/ collateral estoppel argument, does
not seriously challenge the merits of Civil Court's determination that tenant's 5th floor
loft unit is subject to rent stabilization. In any event, the summary judgment record
supports the court's determination. The 1996 Certificate of Occupancy lists the 2nd
through 4th floor residential units in the building as residential loft dwellings, and it is
not disputed that these units became subject to rent stabilization by reason of Article 7-C
of the Multiple Dwelling Law. The 5th floor unit at issue herein is also listed on the
certificate of occupancy as a residential loft dwelling, and had been occupied
residentially. This unit was claimed to be exempt from rent stabilization solely because it
had been owner occupied. However, the Loft Law and Loft Board rules only provide that
cooperative and condominium units which are occupied by unit owners and tenant
shareholders are not subject to rent regulation (see Multiple Dwelling Law §
286 [8]; 29 RCNY § 2-01 [n] [3]; Matter of Triad Capital, LLC, Loft Bd
Order No. 5124 [May 19, 2022], petition to annul denied by Triad Capital, LLC v
Patino, 2023 NY Slip Op 32589[U][Sup Ct, NY County 2022], affd —
AD3d —, 2025 NY Slip Op 01071 [1st Dept 2025]). Since it is undisputed
that the unit at issue is not a cooperative or condominium unit, Civil Court correctly
determined that this unit, like the other residential loft dwellings in the building, was
subject to rent stabilization.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur
Decision Date: March 24, 2025