25-909-cv
*Main Street America Assurance Co. v. Carpenter*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of February, two thousand twenty-six.

PRESENT:
> **JOSÉ A. CABRANES,**
> **ALISON J. NATHAN,**
> **SARAH A. L. MERRIAM,**
> *Circuit Judges.*

_____

**Main Street America Assurance Company,**

> *Plaintiff-Appellee,*

> v.                                                                    **No. 25-909-cv**

**Shane Carpenter,**

> *Defendant-Appellant,*

**Northeast Property Maintenance, Joshua Warner, Michelle Warner,**

*Defendants.*

_____

FOR DEFENDANT-APPELLANT:     Gregory Teresi, Teresi Law, PLLC,
                             Lake George, NY, *Of Counsel*,
                             LaMarche Safranko Law PLLC,
                             Cohoes, NY.

FOR PLAINTIFF-APPELLEE:       David P. Johnson, Gerber Ciano Kelly
                             Brady LLP, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Coombe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Shane Carpenter appeals from the district court's entry of summary judgment in favor of Plaintiff-Appellee Main Street America Assurance Company (Main Street). Carpenter was injured when a truck used by his employer, Northeast Property Maintenance (Northeast), rolled down a gravel driveway and dragged him along with it. He had crawled under the truck to investigate a problem with the truck's transmission. Northeast was insured by

2

Main Street pursuant to a policy that did not cover "[b]odily injury or property damage arising out of the ownership, maintenance, use or entrustment to others of any . . . auto . . . owned or operated by or rented or loaned to any insured." App'x at 101 (quotation marks omitted).   After Carpenter sued Northeast and its owners in New York state court, Main Street filed a declaratory judgment action in federal court.   Main Street sought a declaration that it had no duty to defend or indemnify Northeast or its owners in the state-court lawsuit.

The district court concluded that the auto exclusion provision in the businessowners policy Main Street issued to Northeast precluded coverage of the injuries Carpenter alleged in the state-court suit and granted summary judgment to Main Street.   *See Main St. Am. Assurance Co. v. Ne. Prop. Maint.*, 770 F. Supp. 3d 442, 453 (N.D.N.Y. 2025).   We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

\*       \*       \*

We review a district court's grant of a motion for summary judgment *de novo*.   *Fireman's Fund Ins. Co. v. OneBeacon Ins. Co.*, 49 F.4th 105, 112 (2d Cir. 2022).

"Summary judgment is required if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Covington Specialty Ins. Co. v. Indian Lookout Country Club, Inc.*, 62 F.4th 748, 752 (2d Cir. 2023) (quotation marks omitted).

Under New York law, an insurance contract that is "clear and unambiguous on its face must be enforced according to the plain meaning of its terms." *Utica Mut. Ins. Co. v. Fireman's Fund Ins. Co.*, 957 F.3d 337, 344 (2d Cir. 2020) (quotation marks omitted). On appeal, Carpenter contends that, whatever the plain meaning of "arising out of the . . . maintenance [or] use" of an automobile, App'x at 101, his conduct did not fall within it—or, at the very least, a genuine dispute of material fact should have precluded the district court from deciding that it did. We disagree.

In auto exclusion provisions, the phrase "arising out of" is "ordinarily understood to mean originating from, incident to, or having connection with." *Maroney v. N.Y. Cent. Mut. Fire Ins. Co.*, 5 N.Y.3d 467, 472 (2005) (quotation marks omitted). It "requires only that there be some causal relationship between the injury and the risk for which coverage is provided" or excluded. *Country-Wide*

4

*Ins. Co. v. Excelsior Ins. Co.*, 147 A.D.3d 407, 409 (1st Dep't 2017) (quotation marks omitted). And "'[m]aintenance' . . . means performance of work on 'an intrinsic part of the mechanism of the car and its overall function.'" *Guishard v. Gen. Sec. Ins. Co.*, 9 N.Y.3d 900, 902 (2007) (quoting *Farmers Fire Ins. Co. v. Kingsbury*, 105 A.D.2d 519, 520 (3d Dep't 1984)).

It is undisputed that Carpenter crawled under a truck to investigate an ongoing problem with the truck's transmission. That alone may constitute "maintenance": Inspecting a faulty transmission is a kind of work performed on "an intrinsic part of the mechanism of the car." *See id.* But even if it does not, such an inspection indisputably has some "connection with" or is "incident to" the "performance of work" on "an intrinsic part of the mechanism of the car" because inspection of a faulty mechanism is the first step in actual repairs. *See Maroney*, 5 N.Y.3d at 472. Indeed, a few hours after Carpenter's accident, Northeast's owner fixed the truck enough to drive it to a mechanic. Therefore, Carpenter's injuries arose out of the "maintenance" of Northeast's truck.

Carpenter insists that *Guishard* stands for a different principle. Specifically, Carpenter contends that "maintenance" requires some kind of active repair on the

vehicle at issue, so merely inspecting Northeast's truck "without tools, parts, or an intent to fix anything" did not amount to maintenance. Appellant's Br. 13. But in *Guishard*, the New York Court of Appeals held that "riveting metal to a van for the purpose of converting it into a 'Mr. Softee' ice cream truck" did not constitute maintenance because that work "transform[ed] the auto's function[.]" *Guishard*, 9 N.Y.3d at 901–02. Or in other words, the *Guishard* Court held that certain kinds of repairs have so little to do with a vehicle's "intrinsic part[s]" that the plain meaning of "maintenance" does not include them. *Guishard* did not confine "maintenance" to the exact moment a repair is made. And we see no reason to do so where, as here, Carpenter was injured while inspecting "an intrinsic part of the mechanism of the car" (the transmission), and that inspection led to actual repairs to that mechanism. The district court did not err when it granted summary judgment to Main Street on that basis.

\* \* \*

We have considered Carpenter's remaining arguments and conclude that they are without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court