■ Waverly Mews Corp., Appellant-Respondent, v Waverly Stores Associates, Respondent-Appellant. [741 NYS2d 826] —Orders, Supreme Court, New York County (Richard Braun, J.), entered on or about September 22, 2000 and

September 29, 2000, which granted plaintiff's motion for summary judgment to the extent of dismissing defendant's counterclaims and third affirmative defense, and which denied plaintiff's motion for a declaratory judgment as well as attorneys' fees, and orders, same court and Justice, entered on or about June 11, 2001 and June 13, 2001, which granted plaintiff's motion to renew and reargue, granted plaintiff summary judgment to the extent of awarding it $29,767.40 and otherwise adhered to its prior decision, unanimously modified, on the law, to grant plaintiff declaratory judgment that defendant was obligated for the categories of expenses identified in a 1992 arbitration award and otherwise affirmed, without costs. Order and judgment (one paper), same court and Justice, entered July 26, 2001, which awarded plaintiff $29,767.40 plus interest for a total of $38,090.40, unanimously affirmed, without costs.

Defendant subleases various stores pursuant to a 99-year master lease with plaintiff which was executed more than 20 years ago and includes a paragraph which requires defendant to pay its proportionate share of "any increased costs pertaining to common expenses in addition to real estate taxes." A 1991 dispute between the parties over, among other things, the interpretation of this paragraph precipitated a notice to terminate the lease and a *Yellowstone* action brought by defendant which was settled. The settlement agreement referred the dispute over "interpretation, applicability and calculations" of that paragraph to arbitration and the parties agreed to be bound by the arbitrator's decision "as to all contested past, current and future pass-through charges" which had arisen from the dispute over that paragraph. The arbitrator's decision ruled that water and sewer charges were not covered by the paragraph, that electrical charges could only be covered if separately metered for common areas, and that miscellaneous expenses were not chargeable unless specifically related to common areas. The arbitrator awarded plaintiff in excess of $34,000 for the categories "identified as payroll, payroll taxes, benefits and insurance." The award was made in full settlement of all claims submitted by the parties. The principal argument in this appeal is whether "future" charges of payroll, payroll taxes, benefits and insurance are owed by defendant as a result of the arbitrator's decision. Since the parties' settlement agreement unambiguously referred all past, present and future charges arising under the disputed paragraph and since the arbitrator addressed all such charges and found defendant responsible for the generic categories of payroll, payroll taxes, benefits and insurance, the IAS court properly awarded

plaintiff a monetary award for such amounts and should have further granted declaratory relief.

The doctrines of res judicata and collateral estoppel are applicable to arbitration awards (see, *Morgan Guar. Trust Co. of N.Y. v Solow*, 114 AD2d 818, *affd* 68 NY2d 779). The agreement of the parties specifically referred all past, present and future payments by defendant under the disputed paragraph to arbitration and the arbitrator clearly dealt with not only past and present but future conditions under which defendant's obligations to contribute to common expenses could be enforced by plaintiff. The arbitrator found defendant responsible for payroll, payroll taxes, benefits and insurance. The arbitrator limited defendant's prospective liability for electricity to separately metered charges and denied prospective liability for water and sewer charges. Since the agreement to arbitrate explicitly referred all issues to arbitration, whether involving past, present or future liabilities, and since the arbitrator's decision resolved each category of liability, there is no ambiguity and plaintiff should not only have been awarded a monetary but also a declaratory judgment to reflect the complete resolution of this issue.

Article 13 of the lease provides that the landlord is entitled to all costs and expenses incurred in the event of defendant's default of obligations under the lease and the failure to pay its share of common costs was such a default. Since the lease provision relied upon does not expressly provide for the recovery of legal fees, the IAS court properly denied plaintiffs claims for attorneys' fees (*Matter of A.G. Ship Maintenance Corp. v Lezak*, 69 NY2d 1, 5). We have reviewed defendant's remaining contentions and find them to be without merit. Concur—Nardelli, J.P., Mazzarelli, Buckley and Lerner, JJ.