Kim v NRT N.Y. LLC (2021 NY Slip Op 05291)





Kim v NRT N.Y. LLC


2021 NY Slip Op 05291


Decided on October 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 05, 2021

Before: Renwick, J.P., Gische, Kapnick, Kennedy, Shulman, JJ. 


Index No. 656328/19 Appeal No. 14278 Case No. 2021-02067 

[*1]Dae Hoon Kim, Plaintiff-Appellant,
v
NRT New York LLC, Doing Business as The Corcoran Group et al., Defendants-Respondents.


Alter & Barbaro, Brooklyn (Do K. Lee of counsel), for appellant.
Orloff, Lowenbach, Stifelman & Siegel, New York (Marc C. Singer of counsel), for respondents.



Order, Supreme Court, New York County (Laurence L. Love, J.) entered November 25, 2020, which, inter alia, granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.
The motion court properly dismissed the complaint in its entirety. Contrary to plaintiff's contention, the claims in the instant action are barred by the prior arbitration award. Under the parties' arbitration agreement, "all causes of action, controversies, claims and demands whatsoever, now pending and existing between the said parties, as aforesaid, are hereby submitted to the said arbitrators to decide the same with all reasonable dispatch, the decision of the said arbitrators to be final." Although the arbitration decision awarded plaintiff damages on only one of several claims, the allegations in the instant complaint were "reasonably and plainly comprehended to be within the scope of the dispute submitted to arbitration," as evidenced by the statement of claim and the parties' submissions to the arbitration panel (Wallenstein v Cohen, 45 AD3d 674, 675 [2d Dept 2007]).
In the instant complaint, the claims purporting to arise before the arbitration decision are nearly identical to those set forth in the statement of claim submitted in the arbitration, where plaintiff was represented by counsel and agreed to be bound by the arbitrators' decision. As the motion court properly determined, these circumstances render those claims precluded under the doctrines of res judicata and collateral estoppel (Matter of Hunter, 4 NY3d 260, 269-270 [2005]; Jeffreys v Griffin, 1 NY3d 34, 39 [2003]). Thus, the July 23, 2015 arbitration award is final and dispositive of the claims that existed at that time and precludes the relitigation of those claims (Waverly Mews Corp. v Waverly Stores Assoc., 294 AD2d 130, 132 [1st Dept 2002]).
As to the balance of the complaint, the motion court properly determined that the claims purported to have arisen in the period after the arbitration award are barred by the express terms of the parties' 2010 agreement, and by the statute of limitations (CPLR 213[8]; AXA Equit. Life Ins. Co. v Malen, 117 AD3d 645, 645 [1st Dept 2014]). Although plaintiff does not assert a specific claim for fraudulent inducement or rescission, the complaint alleges that the July 28, 2010 agreement purporting to settle the parties' dispute over commissions arising from their 2008 agreement "is null and void." The time to raise such a claim, however, expired six years after July 28, 2010, that is, July 28, 2016, which is greater than the alternative measure of two years from
discovery of the alleged fraud, as the issue was raised in the 2013 Kings County action that was referred to arbitration (id.).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 5, 2021