Hanover Co. Store, LLC v Home Depot U.S.A., Inc. (2024 NY Slip Op 02256)

Hanover Co. Store, LLC v Home Depot U.S.A., Inc.

2024 NY Slip Op 02256

Decided on April 25, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 25, 2024

Before: Webber, J.P., Friedman, González, Rosado, Michael, JJ. 

Index No. 653385/19 Appeal No. 2138 Case No. 2023-04674 

[*1]Hanover Company Store, LLC, Plaintiff-Appellant-Respondent,
v
Home Depot U.S.A., Inc. Doing Business as Home Depot, Defendant-Respondent-Appellant.

Mintz & Gold LLP, New York (Kevin M. Brown of counsel), for appellant-respondent.
McElroy, Deutsch, Mulvaney & Carpenter LLP, New York (Ronan P. Doherty of counsel), for respondent-appellant.

Judgment, Supreme Court, New York County (Barry B. Ostrager, J.), entered April 13, 2023, after a nonjury trial, awarding defendant $1.1 million plus interest at the statutory rate from December 17, 2018 through the entry of judgment, with interest accruing thereafter at the statutory rate until the judgment is paid in full, and bringing up for review an order, entered on or about March 2, 2023, which denied defendant's request for attorneys' fees, unanimously affirmed, with costs.
This dispute arises from the escrow account that was set up in connection with the parties' asset purchase agreement (APA) and which, pursuant to the parties' escrow agreement, allocated $5 million to be used to indemnify defendant for noncompliant products in connection with its purchase of plaintiff's home dÉcor business. The amount of $2.25 million of the indemnification escrow fund was disbursed to defendant for its acquisition of inventory that was not in compliance of applicable law. Defendant thereafter sought to block the remainder of the escrow funds to be released to plaintiff pursuant to the APA, which provided that plaintiff agreed to indemnify defendant from, among other things, any all losses, liabilities, and damages.
Initially, the court correctly awarded statutory interest to defendant based on plaintiff's breach of the APA (see CPLR 5001[a]; Rosenblum v Rosenblum, 214 AD3d 440, 442 [1st Dept 2023]).
The court providently exercised its discretion in awarding defendant damages for losses attributable to inventory it acquired that was subsequently recalled for failure to comply with applicable law (see Saperstein v Lewenberg, 11 AD3d 289, 289 [1st Dept 2004]). The court also properly awarded damages to defendant for losses attributable to lost profits, as defendant demonstrated with reasonable certainty the damages caused by plaintiff's breach of the APA, and that those damages were within the contemplation of the parties' agreement (see Biotronik A.G. v Conor Medsystems Ireland, Ltd., 22 NY3d 799, 806 [2014]).
The court properly denied defendant's request for attorneys' fees, as the APA did not explicitly provide for such, notwithstanding that it provided for costs and expenses to the prevailing party in litigation (see Hooper Assoc. v AGS Computers, 74 NY2d 487, 491 [1989]; see also Waverly Mews Corp. v Waverly Stores Assoc., 294 AD2d 130, 132 [1st Dept 2002]).
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 25, 2024